BREWSTER v. ELIZABETH CITY.

(Filed September 11, 1906).

*Municipal Corporations—Defective Streets—Notice—Negligence—Proximate Cause—Question for Jury.*

1. In an action for damages for injuries alleged to have been sustained from a defective bridge, the Court properly refused to give plaintiff's special instruction, "If the plank was placed upon the stringer as testified, and if you believe that they, or one or more of them, were loose upon the same and had remained loose for six or twelve months or more, or the bridge was not safe and the defendant corporation was negligent in not discharging its duty, and the presumption arises that it had notice of the same, it would be your duty to answer the first issue 'Yes,'" in that it assumes that the plaintiff was injured (an allegation which is denied in the pleadings), and that the negligence of the defendant's officers caused the injury.

2. In an action for damages for injuries alleged to have been sustained from a defective bridge, the Court properly refused to give plaintiff's special instruction, "If you believe all the evidence in this case, you should find that the bridge was not safe; that the defendant was negligent in not keeping it in a safe condition; and it would be your duty to answer the first issue 'Yes,'" in that it assumes, as a matter of law that the alleged negligence was the proximate cause of the injury and that the officers of defendant had constructive notice of the defective condition of the bridge.

3. In order to constitute actionable negligence, the defendant must have committed a negligent act, and such negligent conduct must have been the proximate cause of the injury. The two must concur and be proved by the plaintiff by the clear weight of the evidence.

4. Where there is no evidence that the officers of a municipality had knowledge of the defective condition of a bridge, other than that which may be inferred from the length of time it had continued, it is not for the Court to draw such inference, but it is peculiarly a matter for the jury, to be determined upon all the facts and circumstances in evidence.

ACTION by Matilda Brewster against the corporation of Elizabeth City, for damages for personal injury, heard by *Judge T. J. Shaw* and a jury, at November Term, 1905, of the Superior Court of PASQUOTANK.

The following issue, with others, was submitted: 1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: No.

From a judgment for the defendant, the plaintiff appealed.

*Aydlett & Ehringhaus* for the plaintiff.

*Sawyer & Sawyer, C. E. Thompson* and *R. W. Turner* for the defendant.

BROWN, J. This cause was formerly before this Court, and a new trial ordered because of error in the charge upon the second issue, relating to contributory negligence. The facts of the case are set out in the opinion, 137 N. C., 392. On the recent trial the jury found the issue of negligence against the plaintiff. Plaintiff excepted to the refusal of the Court to give the following instructions upon the first issue: (1) "That if the plank was placed upon the stringer as testified, and if you believe that they, or one or more of them, were loose upon the same and had remained loose for six or twelve months or more, or the bridge was not safe, and the defendant corporation was negligent in not discharging its duty, and the presumption arises that it had notice of the

same, it would be your duty to answer the first issue 'Yes.' "
(2) "If you believe all the evidence in this case, you should
find that the bridge was not safe; that the defendant was
negligent in not keeping it in a safe condition; and it would
be your duty to answer the first issue 'Yes.' "

The vice in the first instruction is twofold: it assumes
that the plaintiff was injured (an allegation which is denied
in the pleadings) and that the negligence of the defendant's
officers caused the injury. The vice in the second instruc-
tion consists in assuming as matter of law that the alleged
negligence was the proximate cause of the injury, and that
the officers of defendant had constructive notice of the defect-
ive condition of the bridge.

In order to constitute *actionable* negligence, the defendant
must have committed a negligent act, and such negligent
conduct must have been the proximate cause of the injury.
The two must concur and be proved by the plaintiff by the
clear weight of the evidence  A failure to establish proxi-
mate cause, although negligence be proved, is fatal. It is
not every negligent act, no matter how gross or flagrant,
that can be the subject of an action, but only such negligent
acts as immediately cause an injury. This is elementary.

The plaintiff also assumes that defendant's officers had
constructive notice of the defective condition of the bridge
in that the plank was not nailed down. The evidence showed
it had once been secured in its place by nails. There is no
evidence that the officers had knowledge of the defect other
than that which may be inferred from the length of time it
had continued. It is not for the Court to draw such infer-
ence. It is peculiarly a matter for the jury, to be determined
upon all the facts and circumstances in evidence. This was so
held in *Fitzgerald v. Concord,* 140 N. C., 114, in the follow-
ing language: "On the question of notice implied from the
continued existence of a defect, no definite or fixed rule can

be laid down as to the time required, and it is usually a question for the jury on the facts and circumstances of each particular case, giving proper consideration to the character of the structure, the nature of the defect, etc."

Instead of the testimony of Weeks, the street commissioner, proving actual knowledge of the defect, as plaintiff contends, it somewhat tends to prove the contrary. He had the bridge put down a year before the accident and nailed the plank down. He passed over the bridge frequently. There is nothing in his evidence which would justify the Court in holding that, if taken to be true, the defendant's officers· or Weeks himself had knowledge of the defective condition of the bridge·at the time of the unfortunate injury to plaintiff.

We have examined the charge of the Judge below with care, and think that it presents every feature of the case to the jury fairly, clearly and correctly, in accord with well-settled principles.

As there are no exceptions to the evidence, we find

No Error.