7387

ROBERTS v. VIRGINA-CAROLINA CHEMICAL CO.

1. JOINT TORT—MASTER AND SERVANT—NEW TRIAL.—Where there is evidence tending to show an injury to a servant was caused by defective appliances or the negligence of the master concurring with the negligence of a fellow servant, the master is not entitled to a new trial bcause the verdict is against him alone and in favor of his co-defendant, a vice principal.

2. PLEADINGS—DEFENSES—EVIDENCE—BURDEN OF PROOF.—It being permissible under a general denial to introduce evidence that an injury was caused by the negligence of a fellow servant, the defendant having set up this plea as an affirmative defense ought not to complain if the Judge charges the jury that he must prove it by the preponderance of the evidence. But error held to have been corrected.

MR. CHIEF JUSTICE JONES *and* MR. JUSTICE WOODS *dissent.*

3. RISKS.—An instruction that a servant does not assume *extraordinary risks* used in sense of "extraneous," "foreign" or "not incident to the employment" is not error. What risks the servant assumes stated.

4. MASTER AND SERVANT—PRESUMPTIONS.—It is the duty of master to exercise due care in selecting suitable and competent servants, but

there is no presumption that such servants will negligently discharge
their duties.

5. APPLIANCE.—Instruction that it is the duty of the master to furnish
safe and suitable appliances was not prejudicial to appellant, as the
charge as a whole could not have misled the jury.

6. EVIDENCE—LEADING QUESTIONS.—Allowance of leading questions is
within discretion of trial Judge.

7. IBID.—MASTER AND SERVANT.—Under allegation in the answer that
plaintiff, servant, knew of the danger of performing an act, it is
competent to ask him if he had been warned by the master or had
knowledge of it from any source.

8. IBID.—APPLIANCE.—Under allegations that danger was obvious a
witness, after stating the facts, may be asked if there was anything
about the appliances indicating danger.

9. IBID.—MASTER AND SERVANT.—In reply to contention by defendant
that plaintiff servant could have seen the danger upon looking up
when a door was partly opened, it is proper to ask plaintiff if there
was anything in his duties that required him to look up.

10. IBID.—OPINION of a party as to what he would have done under cer-
tain circumstances is incompetent, but its admission here was harmless.


Before KLUGH, J., Cherokee, November, 1908.   Affirmed.

Action by C. N. Roberts against Virginia-Carolina Chem-
ical Co. and John Byars.   From judgment for plaintiff,
defendant Chemical Co., appeals.

*Messrs. Sirrine & Charles* and *Otts* and *Dobson,* for
appellant, cite: *Nonsuit should have been ordered:* 55 S. C.,
483; 66 S. C., 256; 69 S. C., 529; 70 S. C., 470; 71 S. C.,
53; 72 S. C., 246, 237, 264, 403; 74 S. C., 419; 75 S. C.,
102, 487; 78 S. C., 472; 81 S. C., 236.   *Duty of master in
hiring servants:* 2 Lab. on M. & S., sec. 572; 70 S. C., 327.
*Assumption of risks:* I Lab. on M. & S., sec. 276.   *No neg-
ligence presumed from defective appliance:* 75 S. C., 102.
*Verdict being alone against master new trial should have
been granted:* 54 L. R. A., 644.

*Messrs. Butler & Osborne,* contra, cite: *Duty of master
toward servant of unknown danger:* 54 S. C., 46; 55 S. C.,

448; 81 S. C., 374; 80 S. C., 567, 239; 74 S. C., 19. *Assumption of risks:* 66 S. C., 482; 52 S. C., 446. *No contributory negligence:* 68 S. C., 512; 74 S. C., 19; 80 S. C., 239. *Negligence presumed from defectice machinery:* 34 S. C., 215; 35 S. C., 409; 75 S. C., 103; 72 S. C., 404. *Proximate cause:* 80 S. C., 232. *Instruction as to selection of servants was harmless:* 79 S. C., 502. *Instructions as to furnishing safe machinery:* 68 S. C., 83; 52 S. C., 444. *New trial:* 64 S. C., 212; 72 S. C., 411; 68 S. C., 55; 75 S. C., 290.

November 25, 1909. The opinion of the Court was delivered by

Mr. Justice Hydrick. Respondent sues appellant and John Byars, an alleged vice-principal, for damages for injuries sustained, while in appellant's service.

The verdict was against appellant alone, and judgment was entered accordingly.

The testimony tended to show: That plaintiff had been working in appellant's fertilizer factory about three weeks, feeding mote bran to an elevator; that it gave out, and, not knowing where to get more, he applied to Byars, the foreman, who told him to get some one who knew where it was to help him get it; that he applied to Sarratt, the assistant foreman, who went with him to get the bran, which was piled in the warehouse, against a sliding door, hung on the outside with barn-door hangers and the bran was surrounded on the inside by stacks of sacks full of other fertilizer ingredients, so that it was necessary to open the door from the outside to get it; that Sarratt was trying to prize the door back with a piece of plank, when the rollers jumped or slipped off the track above, and the door fell on plaintiff, who was standing near, and the mote bran and some of the sacks of other ingredients rolled down on it, and plaintiff was crushed and injured; that by putting a cleat above the track, the door could have been fixed so that the rollers could

not leave the track, and it could have been fixed so that it would not have fallen, even if the rollers got off the track; that plaintiff did not know, and had not been warned that the bran and sacks were piled against the door.

This testimony made the following issues of fact: Whether the door was defectively hung; whether the appellant was negligent in allowing the stuff to be piled against the door, so that it could not be opened without the bran rolling down; whether the plaintiff knew the condition of things at the door; and, if he did, whether he assumed the risk of injury in obeying his alleged orders; and, if he did not know, whether the foreman was negligent in sending plaintiff to get the bran without informing him thereof; whether there was negligent defect in the hanging of the door, and, if so, whether that defect, or the alleged negligence of the foreman, or the alleged negligence of Sarratt, or the alleged contributory negligence of the plaintiff was the proximate cause of his injury. All these questions of fact were properly submitted to the jury.

The jury may have found that the injury was caused solely by a negligent defect in the hanging of the door, or by that negligence, concurring with the negligence of the fellow servant.

In either event, the master alone would be liable. It cannot be said that appellant's liability could have been predicted solely upon the negligence of Byars. There was no error, therefore, in refusing to grant a new trial, because the verdict excluded Byars.

The defendant's, after interposing a general denial to the complaint, set up, in their answer, the following as a fourth defense: "The defendants allege that the plaintiff was not injured by any carelessness or negligence on their part, but by the negligence of a fellow servant, and defendants are, therefore, not liable." The third and fifth defense, set up the pleas of assumption of risk, and contributory negligence. Under the general denial, the defend-

ants could have introduced any evidence tending to disprove the allegation of the complaint; that plaintiff's injury was caused by the negligence of defendants. Evidence tending to prove that plaintiff's injury was caused solely by his own negligence, or by the negligence of a fellow-servant, would have been admissible under the general denial. It was, therefore, unnecessary for defendants to set up, as an affirmative defense, that plaintiff's injury was caused by the negligence of a fellow servant. This fault in their pleadings very naturally led the Circuit Judge into the inadvertent error of charging the jury that the burden was upon the defendants to prove the defense, for it was set up as an affirmative defense between the other two affirmative defenses, the burden of proof of which was upon defendants. Parties ought not to be heard to complain, when their own faulty pleading misleads the Circuit Judge. But the error was corrected by the Judge at the last of the charge, when his attention was called to the matter by plaintiff's attorney.

As a general rule, a servant assumes all risks ordinarily and usually incident to the service in which he engages, whether they be few or many, small or great, and he assumes risks incident to all dangers and defects which, to a person of his experience and understanding, are, or ought to be, patent and obvious; but he does not assume the risks arising from latent defects or dangers, which are unknown to him, and which, in the exercise of ordinary care, he would not discover. Where such risks are known to the master, or by the exercise of ordinary care, should be known to him, and he knows, or, by the exercise of ordinary care should know, that the servant is ignorant of them, it is his duty to warn the servant of them. These principles of law are elementary, and require no citation of authority. They were charged with substantial correctness by the Circuit Judge.

The appellant contends that his Honor erred in charging the jury that the servant did not assume extraordinary risks.

No doubt, an extraordinary risk (the word being used in the sense of uncommon, or unusual) may be incident to the employment. If it is, and if it is known to the servant, he assumes it. But in his charge, the Circuit Judge used the word "extraordinary" in the sense of "extraneous" or "foreign" or "not incident" to the employment. Moreover, the sole contention of the plaintiff was that the risk was hidden, that he was ignorant of it, and the defendants did not warn him of it, and upon that contention, the fight was made on the circuit; and the correctness of the charge upon that point is not questioned. So that, even if the language of the Court, as to assumption of extraordinary risks by a servant, may be susceptible of a construction which would make it erroneous, we are satisfied that appellant was not prejudiced thereby.

It is also the duty of the master to exercise due care in the selection of competent and suitable fellow-servants, and there is no presumption that servants so selected will negligently discharge their duties. The law will not presume negligence until facts appear from which such presumption should arise.

The appellant complains that his Honor erred in charging that it is the duty of the master to furnish safe and suitable appliances, when he should have charged that it is the master's duty to furnish *reasonably* safe and suitable appliances.

The law as declared by the Court, was substantially correct. It is frequently so stated by textwriters, and in well considered opinions. *Carter* v. *Oil* Co., 34 S. C., 214, 13 S. E., 419. *Bussey* v. *Ry.,* 52 S. C., 444, 30 S. E., 477; *Carson* v. *Ry.,* 68 S. C., 83, 46 S. E., 525; but when we speak of the requirement that a thing shall be safe and suitable, it is ordinarily and naturally implied that it must be only reasonably so. The Court instructed the jury throughout the charge that the master was required to exercise only ordinary care in the discharge of his duties to the servant.

Moreover, in other parts of the charge, the Court did use the words, "reasonably safe and suitable tools and appliances," a number of times. We are satisfied the jury were not misled.

The first four exceptions relate to the admission of evidence, and each assigns error in that the questions objected to were leading. This Court has formerly held that the allowance of leading questions is discretionary with the Circuit Judge, and that it will not interfere except in a clear case of abuse of discretion. No abuse of discretion appears.

It was alleged in the answer that plaintiff knew of the danger of attempting to open the door, that it was obvious, and that he assumed the risk. It was, therefore, competent for plaintiff to testify that he had not been warned by any representative of the defendant company of the danger, and that he had no knowledge of it from any source.

It was incumbent upon the planitiff to conduct himself with ordinary care for his own safety in the presence of conditions and circumstances as they appeared to him, and would have appeared to a person of ordinary care and prudence. The defendant alleged that the danger was obvious. Under these circumstances, there was no error in allowing the witness, Sarratt, after he had described the conditions existing at the door, to answer this question : "Was there anything about the appearance there that would put you and Mr. Roberts on notice that it was dangerous to push that door aside?"

Defendant contended that, when the door was pushed back a few inches, if plaintiff had looked up he could have seen through the opening that the bran was piled against the door. In response to this contention it was not error to allow the witness, Sarratt, after he had fully detailed the manner in which he and the plaintiff were trying to open the door, to answer this question :

19—84

"Was there anything in the duties of Mr. Roberts there, in getting that mote bran, that required him to look up?" *Bridger* v. *R. R.,* 25 S. C., 26; *Douglas* v. *Ry.,* 82 S. C., 75;

His Honor permitted plaintiff to answering the following question: "Mr. Roberts, if you had known or been warned of the conditions as they existed in that warehouse, and the danger of opening that door, as you tried to open it, would you have conducted yourself, on that occasion, as you did?"

The answer was merely the opinion of the witness, as to what he would have done, under given circumstances, and it should have been excluded. *Welch* v. *Mfg. Co.,* 55 S. C., 579, 33 S. E., 739. We do not think, however, that the error was prejudicial, or of so serious a nature as to justify a reversal of the judgment.

Judgment affirmed.

MR. JUSTICE GARY *concurs.*

MR. JUSTICE WOODS *dissenting:* As pointed out in the opinion of Mr. Justice Hydrick, the Circuit Judge was in error in charging that the burden was on the defendant to prove by the preponderance of the evidence that the injury suffered by the plaintiff was caused by the negligence of a fellow servant I am unable to find that this error was corrected in the supplemental charge.

I think there was also error in allowing the plaintiff to answer the question: "Mr. Roberts, if you had known or been warned of the conditions as they existed in that warehouse, and the danger of opening that door as you tried to open it, would you have conducted yourself on that occasion as you did?" The negative answer of the plaintiff was a mere opinion or conjecture, and should have been excluded.

MR. CHIEF JUSTICE JONES *concurs in this opinion.*