8018

PINCKNEY v. ATLANTIC COAST LINE R. R. CO.

1. MASTER AND SERVANT—ISSUES—RAILROADS—CAR REPAIRER.—The testimony here not conclusively showing the car repairer did not use blue flags at time of his injury, and there being evidence tending to show the engineer had assured plaintiff that he had finished shifting on the yard, it was error to grant nonsuit, but whether the proximate cause of the injury was plaintiff's contributory' negligence or the combined negligence of the fellow servant and that of the master should have been sent to the jury.

2. EVIDENCE.—Plaintiff should also have been permitted to testify that his flags were in no condition for use.

Before GARY, J., Colleton, March term, 1911. Reversed.

Action by J. B. Pinckney, by guardian, against Atlantic Coast Line R. R. Co. Plaintiff appeals.

*Messrs. Legare & Holman, Howell & Gruber,* for appellant. *Messrs. Howell & Gruber* cite: *Servant may recover for injury caused by combined negligence of master and fellow servant:* 79 S. C. 512.

*Messrs. Jas. E. Purifoy, W. H. FitzSimmons, P. A. Willcox* and *F. Barron Grier,* contra, cite: *It is no excuse for the violation of a rule that the engineer promised not to back the cars on the siding:* 11 Ohio C. C. 553; 43 L. R. A. 305. *Plaintiff was guilty of contributory negligence:* 1 Lab. on M. & S. 948, 951; 88 N. W. 976; 70 S. C. 252; 82 S. C. 548; 20 So. 132; 82 N. W. 711; 45 Pac. 384; 57 Am. R. 773; 45 C. C. A. 90; 24 L. R. A. 657; 145 U. S. 418.

October 25, 1911. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiff, a car repairer, was injured on the railroad yard at Yemassee by the impact of a moving freight train against the car under which he was working. In his complaint he alleged that he went under the car to work relying on the assurance of the conductor of the train that he had finished his work at Yemassee and was about to start for Augusta; and that the conductor without notice to him "carelessly, negligently, wantonly and in gross and reckless disregard of the safety and rights of the plaintiff" moved the locomotive and train upon the siding and struck and violently moved the car, and thus inflicted the injuries complained of. The defenses material to the appeal are: denial of negligence; the allegation of contributory negligence in that the plaintiff "carelessly and negligently went between and under said cars to work thereon

without placing the blue flag or signal to denote that he was at work under or about the cars in direct violation of the rules of the company and his orders as car inspector," and the allegation that the injuries received by plaintiff, if not due to his own negligence, were due to the negligence of a fellow servant or fellow servants of the plaintiff. At the close of plaintiff's testimony the Circuit Judge ordered a nonsuit, summarizing as follows his reasons for holding that the plaintiff could not recover:

1. "He knew it was dangerous to go under that car. He made that statement.

2. "That there was at the time a train in the yard.

3. "That he knew the rule of the company to protect himself with a blue flag.

4. "That he did not protect himself with a blue flag.

5. "That in place of a flag, he by his own act delegated that power, that trust to his co-laborer Freeman.

6. "That this co-laborer or fellow servant, or partner as he expressed it, did not warn him of the approach of the backing train.

7. "That if the fellow servant had warned him he could have escaped the injury."

The case turns mainly on whether the evidence offered by the plaintiff proved conclusively that he had been guilty of contributory negligence in disregarding the rule of the company requiring a car repairer working under a car to protect himself by a blue flag. If the plaintiff proved that he did disregard such a rule, known to him to be in force and so essential to his own safety as well as the safety of other employees and the general public, when he could have complied with it by reasonable effort on his part, and thus prevented the injury, then the nonsuit was proper. *Stephens* v. *Southern Ry. Co.,* 82 S. C. 542, 64 S. E. 601. The alleged contributory negligence in failing to use the protection of a blue flag, as required by the rule, being an affirmative defense, it was not incumbent on the plaintiff to

prove that he had not violated the rule, or that he could not have complied with it by reasonable effort; on the contrary the burden was on the defendant to prove the rule and its violation. Of course, the defendant could rely for such proof on the evidence offered by the plaintiff.

All the testimony on the subject was the following adduced from the plaintiff:

"I want you to tell the jury what transpired before you were injured and how you were injured? When I was working there I used a blue flag, that is we used two or more flags, we placed them at the head of the tracks to warn out other trains, and I worked there about twenty-five days, and most of our flags were broken up the day before I went to work there. The day before what? The day before I was injured I had both flags broken.

"Objected to on the ground that there is no allegation in the complaint that improper appliances were furnished the plaintiff with which to work. Objection sustained by the Court.

"Well, omit about the flags for the present, now at the time, Mr. Pinckney, just before you were injured, was there any freight train in the yard at that time?

"Cross-examination.

"When you were working at Florence as repairer, you knew of course that the rules did not permit you to go under a car without displaying a blue flag? I had never been told so but I learned it from working with them. Now what kind of signal do you use at night under a car? I don't know. I never worked at night. But you do know you use a blue flag in day light? Yes, sir. You say you did know that was the rule? Yes, sir. That was the same rule you had with the C. & W. C. and A. C. L. before you went to Florence? Yes, sir. Where did you put that blue flag? At the head of the track you were working on. So the engineer would see the flag? Yes, sir. And that would stop him? It was supposed to do that."

It thus appears that after plaintiff had told of the general use of the flags and of the condition of those furnished him, objection was made by defendant and sustained to his testimony that the flags were broken. There was no conclusive evidence that the blue flags were not used on this occasion, but even if there had been, we are unable to agree that a nonsuit was proper without allowing the plaintiff to testify as to the condition of the flags furnished him; for it might have appeared that they were so broken as to be useless and that he had been unable to procure others.

The testimony was direct that the conductor of the train assured plaintiff that he was through with his work and was about to leave for Augusta, and that the plaintiff relied on this statement in going under the car. The act of the conductor in running his train back and striking the cars standing on the siding under these circumstances furnished some evidence of negligence on the part of the defendant. It may be that the plaintiff's fellow laborer, Freeman, who at plaintiff's request was on watch against the approach of a train, was negligent in not signaling the train to stop and in not warning plaintiff of its approach, and that his negligence was a proximate cause of the accident. If the negligence of Freeman, the fellow servant, was the sole proximate cause, or one of the proximate causes, the negligence of the plaintiff being the other, then the plaintiff could not recover. But if the proximate cause of the injury was the negligence of the defendant combined with the negligence of Freeman the fellow servant, the plaintiff would not be precluded from recovery. *Elms* v. *Sou. Power Co.*, 79 S. C. 502, 60 S. E. 1110; *Roberts* v. *Virginia C. C. Co.*, 84 S. C. 283, 66 S. E. 298. We think the evidence required that these issues and the issue of contributory negligence growing out of the rule requiring the use of a blue flag should be submitted to the jury.

It is the judgment of this Court that the judgment of the Circuit Court be reversed, and the cause be remanded to that Court for a new trial.