### 9088

### CANNON v. LOCKHART MILLS.

(85 S. E. 233.)

MASTER AND SERVANT. SAFE PREMISES. NEGLIGENCE. FELLOW SERVANT. PROXIMATE CAUSE.

1. MASTER AND SERVANT—INJURY TO SERVANT—LIABILITY.—A water-closet in use by employees will ordinarily be kept with a door free to open; and where the closet is out of repair, and the floors are torn up so as to make entry into it dangerous, ordinary care requires a temporary fastening of the door.

2. MASTER AND SERVANT—INJURY TO SERVANT—NEGLIGENCE—QUESTION FOR JURY.—Whether an employer repairing a water-closet in use by employees, and in so doing making its use dangerous, was negligent in failing to properly fasten the door to prevent employees ignorant of the facts from entering, held, under the evidence, for the jury.

3. NEGLIGENCE—PROXIMATE CAUSE.—Where, in the sequence of events between the original default and the injury, an independent cause intervenes, which is of itself sufficient as the cause of the injury, the independent cause is ordinarily the proximate cause, and the original default is the remote cause, especially where the intervening cause is the act of some person entirely unrelated to the original actor, but a careless person is liable for all the natural and probable consequences of his conduct.

4. MASTER AND SERVANT—INJURY TO SERVANT—NEGLIGENCE OF MASTER—PROXIMATE CAUSE.—An employer, in making repairs to a water-closet used by employees, tore up the floor so as to make its use dangerous, and fastened the door shut with a picker stick. An employee went to the closet and pulled out the stick, and a few minutes later a coemployee entered the closet and was injured. Held, that a finding that the negligence of the master in failing to properly fasten the door was the proximate cause of the accident was justified.

Before SHIPP, J., Union, February, 1914. Affirmed.

Action by W. A. Cannon against Lockhart Mills. From judgment for plaintiff, the defendant appeals. The facts are stated in the opinion.

*Messrs. Carson & Boyd,* for appellant, submit: *There was no substantial testimony to establish negligence on the part of the defendant, and a verdict in his favor should have been directed:* 6 Thom. Neg., sec. 7393; 63 L. R. A. 424; 213 U. S. 7; 87 S. C. 176; *Ib.* 321; 91 S. C. 272; 93 S. C. 73. *Degree of care required:* Pollock Torts (8th ed.) 41. *Proximate cause:* 4 Thom. Neg. 3774, 3891; 132 Pa. St. 626; 19 Atl. 299; 2 Atl. 500; Labatt, Master and Servant, sec. 142; 63 L. R. A. 419. *Act of fellow servant sole proximate cause of injury:* 63 L. R. A. 420; 213 U. S. 8.

*Messrs. Wallace & Barron,* for respondent, submit: *Fellow servant's negligence no defense, if the negligence of the master combined with it to produce the injury:* 92 S. C. 560. *Duty of master to warn, guard and protect employee:* 95 S. C. 244. *Burden on defendant to show that act of fellow servant was sole proximate cause of injury:* 95 S. C. 12; 92 S. C. 560; 84 S. C. 283; 79 S. C. 592.

May 4, 1915.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action by a servant against master for injuries to the person; verdict for $1,000.00 actual damages; appeal by defendant.

History: The defendant owns and operates a cotton mill on Broad River; the plaintiff was "a common laborer and operative" therein; in the mill building there are water-closets for the use of operatives; the floor of one of these closets had been taken up to make some repairs; the master mechanic of the mill had the evening before the transaction in issue fastened the door leading out of the main building into the closet, and the fastening was made with a picker stick; the next morning thereafter the plaintiff entered the mill at 6:15 o'clock, or thereabout, to start a day's work; on the same morning, and just before the plaintiff's entry into the closet, a fellow servant, Robert Brazington by name, had pulled out the picker stick and entered the closet; then

the plaintiff entered the closet, fell into the opening and sustained injuries to his person; lights were turned on in the mill room and closet about 6:30 in the morning; this accident happened about that time.

There are two exceptions, and they make two issues. The issues are (1) was there any testimony from which negligence of the master is inferable; (2) does the testimony conclusively show that the negligence complained of was solely that of a fellow servant to plaintiff.

The second issue is predicated on the first; so that the prime and controlling issue is the existence of testimony tending to show that the master omitted a duty owing to the plaintiff.

Yet though that fact be established, the defendant is not liable for that default unless that default was a proximate cause to work the mischief.

Both issues involve a consideration of the testimony, and that only.

The testimony of all the witnesses shows this: That some time before this accident the door had a lock on it for a fastening; that the day before the accident carpenters had torn up the floor in the closet; that J. W. Brazington, master mechanic, had thrust across the door for a fastening a picker stick, and had forced the end of the stick betwixt the brick wall and an iron pipe running up the wall parallel to the side of the door; that a picker stick is some three feet long, two inches wide and a half inch thick; that the stick was intended to temporarily secure the door from entrance; that on the day before the accident the plaintiff was not in the mill; that on the morning in question, but a few minutes before plaintiff's entry, Robert Brazington, a fellow servant, in order to enter the closet, pulled out the picker stick, threw it on the floor and left it there.

It will surely be conceded on all hands that a water-closet for general use in a crowded mill will ordinarily be kept with a door free to open.

It will also be conceded that if the closet be out of repair, and the floors torn up so as to make entry into it hazardous, that ordinary care calls for a temporary fastening of the door; that is, something to suggest that the door ought not to be opened then.

Those two issues would be submitted to a jury; but the duty in each case is manifest.

The next and controlling issue of fact is, was the picker stick a reasonably secure fastening. That question was submitted to the jury, and its verdict is conclusive against the defendant. It is sufficient to say that the Court was warranted under the testimony, and under the very sense of the case, to submit that question to the jury.

There might well be two reasonable opinions about whether the fastening by a picker stick was the way to temporarily close the entrance to the closet.

The defendant's first exception, therefore, is not tenable.

The second issue is more difficult.

The negligent fastening of a picker stick was made one day while the plaintiff was not in the mill. The next morning Robert Brazington, another operative, pulled out the picker stick and entered the closet, but threw the picker stick aside, so that the closet door was put unfastened.

The act of Brazington was undeniably a cause operating in time next before the accident to open the way to the accident.

And if it was the sole proximate cause the defendant is not liable therefor, because Brazington and the plaintiff were strictly and admittedly fellow servants.

But if the negligence of the defendant company, represented by its master mechanic, who put in the fastening, combined with the negligence of Robert Brazington to bring on the accident, then the defendant is liable for the injury. *Pinckney* v. *R. R.*, 89 S. C. 529, 72 S. E. 394.

The difficulty in the case is this: Are the two causes so connected and related in time, circumstance and sequence as

to make them one cause. The issue we have in mind is well stated thus: "Where, in the sequence of events between the original default and the final mischief an entirely independent and unrelated cause intervenes, and is of itself sufficient to stand as the cause of the mischief, the second cause is ordinarily regarded as the proximate cause and the other as the remote cause. *Insurance Co.* v. *Tweed, 7* Wall. 44, 52. This is emphatically true when the intervening cause is the act of some person entirely unrelated to the original actor. *Nevertheless,* a careless person is liable for all the natural and probable consequences of his conduct. If the misconduct is of a character which, according to the usual experience of mankind, is calculated to *invite or induce the intervention of some subsequent cause,* the intervening cause will not excuse him, and the subsequent mischief will be held to be the result of the original misconduct. This is upon the ground that one is held responsible for all the consequences of his act which are natural and probable and ought to have been foreseen by a reasonable prudent man." *A. T. & S. F. Railway Co.* v. *Calhoun,* 213 U. S. 7, 29 Sup. Ct. Rep. 321, 53 L. Ed. 674.

The defendant relies on this case to acquit it. But it rather convicts the defendant. Thereout comes this issue, was the use of a picker stick, found by the jury to be a negligent act, an act of such a character as would, according to the usual experience of mankind, be calculated to invite or induce the intervention of some subsequent cause?

Concretely and circumstantially stated, was it *likely* that Brazington, or some operative, would come along seeking of *right* and of *habit* the closet, and remove a picker stick so put across the door? Upon that issue there might be two opinions; and it was the province of the jury to decide which was the reasonable one.

The other case relied upon by the defendant, *Cole* v. *German Sav. & L. Society,* reported in 63 L. R. A. 416, 59

C. C. A. 593, 124 Fed. 113, is persuasive, but the two causes in that case were not so allied as the two causes in the case at bar.

Our opinion then is, that the second exception is not good, and the judgment below must be affirmed.