S. B. CHANCEY v. NORFOLK AND WESTERN RAILWAY COMPANY.

(Filed 17 October, 1917.)

1. Negligence—Proximate Cause—Burden of Proof.

In order to recover damages for an alleged negligent act of another, the plaintiff must show that the defendant was guilty of the act alleged, and that it was the proximate cause of the injury, or from which the damages immediately resulted as the *causa causans*, without which it would not have occurred.

2. Pleadings — Demurrer—Carriers of Passengers—Negligence—Proximate Cause.

Where, in an action to recover damages of a railroad company, the complaint alleges as the ground of the action the defendant's failure to properly light the cars of the train on which he was a passenger; that they were overcrowded, which caused the plaintiff to be robbed of a certain sum of money, the statements made are insufficient to show that the unlighted and overcrowded cars were the cause of the robbery, and it being upon the plaintiff to allege facts from which the proximate cause would appear, and not merely his own opinion, a demurrer to the complaint is good.

CIVIL ACTION, tried before *Bond, J.,* at April Term, 1917, of COLUM-BUS.

Defendant appealed.

*Plaintiff not represented in this Court.*
*Theodore W. Reath, William B. Guthrie, and Rountree & Davis for defendant.*

WALKER, J. This appeal was taken from a judgment on a demurrer to the complaint, and the sole question presented is, whether the facts alleged by the plaintiff are sufficient to constitute a cause of action for negligence. The complaint states that plaintiff was a passenger on defendant's train, having purchased a ticket from Petersburg to Hopewell, in the State of Virginia; that the cars "were without any light and very dark, and badly overcrowded, many passengers, with this plaintiff, being forced to stand for want of seats"; that plaintiff had in his pocket $86.15, and that "by the gross negligence of the defendant, its agents, servants, and employees, in failing to light said cars and provide seats for its passengers, and because of their crowded condition, plaintiff was assaulted and robbed of $86"; and that, on arriving at Hopewell, plaintiff was greatly embarrassed and humiliated because he had only 15 cents, having been robbed of $86.

In its last analysis the complaint alleges that the failure to properly light the cars, and the overcrowding of them, caused the plaintiff to be

assaulted and robbed, and that such robbery caused him, upon arriving at Hopewell, to be greatly embarrassed and humiliated. The assault is not described with any particularity, so that we can understand how it came about, and seems to be only the pleader's conclusion as to its character, and not a statement of the facts, so as to afford us an opportunity to form an opinion as to what caused it.

In order to warrant recovery for negligence, it is incumbent upon the plaintiff to allege and show that the defendant was guilty of some negligent act which was the proximate cause of the injury. *Ramsbottom v. R. R.,* 138 N. C., 38; *Brewster v. Elizabeth City,* 142 N. C., 9. The law looks to the immediate, not the remote, cause of damage, the maxim being *Causa proxima et non remota spectatur.* Where the damage resulted from the act of another, but is too remote, or, in other words, flows not naturally, legally, and with sufficient directness from the alleged negligence, the plaintiff will not be entitled to recover. The imputed act of negligence must be *causa causans* of the injury or loss, or the direct and proximate, or efficient, cause thereof. Broom's Legal Maxims, marg. pp. 206, 217, and 223. This is familiar learning. The rule was recently stated to be, that however negligent a party is, if his act stands in no causal relation to the injury, it is not actionable. *McNeill v. R. R.,* 167 N. C., 390. In *Mills v. R. R.,* 172 N. C., 266, an action was brought by a passenger for an assault upon him by another passenger, and it did not appear in evidence that the conductor or other employee of the company knew of the imminence of the assault. The case was submitted to a jury, who found a verdict against the defendant, which, upon appeal, was reversed. *Justice Hoke,* speaking for the Court (on page 267), said: "Railroad companies, in the exercise of their franchise as common carriers of passengers, are held to a high degree of care in looking after the safety of passengers upon their trains. In furtherance of this obligation, their conductors and station agents are constituted by the State statutes special policemen, to enable them the better to perform their duty, and the company is responsible for assaults and actionable wrongs committed upon them by other passengers or third persons which could have been provided against or prevented by the utmost vigilance and foresight. While this is the standard of care imposed in such cases, it is also well recognized here and elsewhere that these companies are not insurers of the safety of passengers and are not liable for injuries which, in the exercise of such care, their conductors, employees, agents, etc., could not have reasonably foreseen and prevented." And it was held, in *Garland v. R. R.,* 172 N. C., 638, that "A wrong-doer is responsible in damages resulting directly and proximately from the tort he has committed; but if the cause is remote in efficiency and does not naturally result from the tort, it will not be

considered as proximate." And, again, in *Penny v. R. R.,* 153 N. C., 296, this Court said: "The accidental wounding of plaintiff did not follow in direct sequence from the act of Van Amringe, assuming for the sake of argument that the latter was guilty of negligence in lending his pistol to LaMotte. *Ramsbottom v. R. R.,* 138 N. C.; 39. In this case it is held by *Mr. Justice Hoke* that the proximate cause of an injury is one that produces the result in continuous sequence, without which it would not occur, and which a man of ordinary prudence could reasonably be expected to foresee. There is, in legal parlance, no direct causal connection between the act of Van Amringe in loaning the pistol and the unforeseen accidental injury to plaintiff by Galloway. *Harton v. Telegraph Co.,* 146 N. C., 429; *McGee v. R. R.,* 147 N. C., 142; *Bowers v. R. R.,* 144 N. C.; 684; 1 Street's Foundations, 120. To constitute liability, there must not only be a breach of duty owing by the defendant to the plaintiff, and injury to the latter, but the breach of duty must be the cause, and the proximate cause, of the injury. So far as the act of Van Amringe is concerned, it is a case of *post hoc,* but not of '*ergo propter hoc,*' as was suggested by *Manning, J.,* in *Hudson v. McArthur,* 152 N. C., 452." It was said by the late *Justice Vaughan Williams,* in *McDowell v. R. R.,* 2 K. B., 331, on p. 337: "In those cases in which a part of the cause of action was an interference of a stranger or a third person, the defendants are not held responsible unless it is found that which they do, or omitted to do—the negligence to perform a particular duty—is itself the effective cause of the accident." That case is instructive and relevant to this opinion. It was held there that the servants of the defendant had been guilty of negligence in not properly placing the railway van, but that it having been interfered with by trespassers, the negligence of the defendant's servants was not the effective cause of the accident, and the defendant was exonerated. In *Burt v. Advertising Newspaper Co.,* 154 Mass., 238, *Mr. Justice Holmes* uses this language: "Wrongful acts of independent third persons, not actually intended by the defendant, are not regarded by the law as natural consequences of his wrong, and he is not bound to anticipate the general probability of such acts any more than a particular act of this or that individual."

But there are cases more directly in point, and which seem to follow closely the facts alleged in this complaint. It appeared, in *Cobb v. R. R.* (1893), 1 Q. B., 459, that the plaintiff brought an action to recover damages from a railroad company for a sum of money which he alleged had been taken from his person by robbery, as a consequence of the company's negligence in allowing the carriage to be overcrowded. *L. J. Bowen* said of these facts: "The second point argued was this: It was said that the overcrowding of the carriage had caused damage to the plaintiff by occasioning the robbery. It seems to me impossible

to treat the alleged damage as otherwise than too remote, according to English law. The law is, that the damage must be the direct and natural consequence of the breach of obligation complained of. The law is the same in this respect with regard both to contracts and to torts, subject to the qualification that in the case of the former the law does not consider too remote damages which may be reasonably supposed to have been in the contemplation of the parties when the contract was made. It cannot fairly be said that the robbery was the natural consequence of overcrowding the railway carriage." The *Cobb case* was carried by appeal to the House of Lords, and is reported in Appeal Cases, 419. *Lord Selborne,* then the Chancellor, speaking to the question, said (on p. 424): "As to this, I do not think it necessary to say more than that, on the plaintiff's pleading, it is not shown that the overcrowding of the carriage did in fact conduce in any way, directly or indirectly, to the robbery; and on the assumption that, under some possible circumstances, this might have been actionable negligence, it would, in my judgment, be indispensable, for that purpose, to state and prove some actual connection between the overcrowding and the loss. It is not, in my opinion, enough to suggest (as the plaintiff does) that to suffer such overcrowding was to 'facilitate the hustling and robbing of the plaintiff.' As the case is stated by him, nothing turns upon the fact that the robbery was committed by a 'gang' of more than nine persons." It was held, in *Metropolitan Railroad Co. v. Jackson,* Fed. App. Cases, 193, that the overcrowding of a car was not the proximate cause of an injury by the slamming of a door of the carriage upon the plaintiff's thumb, which was caused, unconsciously and not intentionally, by a guard of the defendant who closed the door. There are many similar cases in England and in this country which could be cited for the purpose of showing that the allegations of the plaintiff's complaint are not sufficient to constitute a cause of action, because there was no causal connection between the supposed negligent act of the defendant and the injury which it is alleged resulted therefrom.

We are therefore of the opinion, and so decide, that the learned judge who presided at the trial was in error when he overruled the demurrer. It should have been sustained and the action dismissed, and it is so ordered.

Reversed.