### 9908

CARTER v. ATLANTIC COAST LINE RAILWAY COMPANY.

(95 S. E. 357.)

MASTER AND SERVANT—INJURY TO SERVANT—"PROXIMATE CAUSE."—In an action for personal injuries under the Federal act by a station master, who was assaulted by a robber at night, while engaged in interstate commerce, the proximate cause of the injury was the act of the robber, and not defendant railway company's failure to maintain sufficient lights about the station, since, when the negligence appears merely to have brought about a condition or situation under which another and entire independent and sufficient agency intervenes to cause the injury, the latter is the proximate cause and the former the remote cause.

Before SEASE, J., Orangeburg, Spring term, 1917. Affirmed.

Action by Atlantic Coast Line Railroad Company. Judgment for defendant, and plaintiff appeals.

*Messrs. Raysor & Summers, Wolfe & Berry* and *L. K. Sturkie,* for appellant, cite: *As to proximate cause:* 62 S. C. 130; 94 U. S. 409; 23 L. Ed. 256; 103 S. C. 115; 213 U. S. 4-6; 53 L. Ed. 673; 101 S. C. 63; 213 U. S. 6-9; 53 L. Ed. 674; 89 S. C. 529; 72 S. C. 394; 2 Wall. 44, 25; 89 S. C. 529; Labatt's Master & Servant 4784; 78 (Mo.) S. W. 222; 45 N. Y. App. 10; 55 S. W. (Tex.) 391; 62 S. W. 565; 36 S. C. 812; Cyc. 1092; 4 L. R. A. 420; 81 S. W. 760; 32 S. C. L. (1 Strobh.) 550; 101 S. C. 63; Labatt's Mast. & Serv. 4758-9; Rich. Fed. Emp. Liability 140. *Doctrine of "Act of God" has no application to this case:* 80 S. C. 207. *Nor can the doctrine of public enemy apply:* 5 A. & E. Ency. L. (2d ed.) 235-6-7.

*Messrs. Moss & Lide* and *Henry E. Davis,* for respondent, cite: *As to the necessity for all of the testimony being set forth in the record as prepared for this Court—this case being based upon a Federal statute:* 173 U. S. 79; 43 L. Ed. 621; 112 U. S. 502; 28 L. Ed. 811; 161 U. S. 397; 40 L. Ed. 746; 173 U. S. 255; 43 L. Ed. 459; 156 U. S. 361; 39 L. Ed. 453; 73 Fed. 774; 97 Fed. 270; 49 Fed. 347; 85 Fed. 924; 99 Fed. 43; 79 Fed. 291; 82 Fed. 773; 97 Fed. 423; 74 Fed. 10; 76 Fed. 252; 69 Fed. 581. *As to proximate cause:* Emp. Liability Act, sec. 1; Roberts on Injuries to Interstate Employees, sections 15 and 13; 229 U. S. 265; 57 L. Ed. 1179; 240 U. S. 444; 60 L. Ed. 732; 241 U. S. 333; 60 L. Ed. 1030; 232 U. S. 248; 58 L. Ed. 591; 226 U. S. 668; 59 L. Ed. 777; 124 Fed. 113; 63 L. R. A. 416; 238 U. S. 507; 59 L. Ed. 1433; 23 U. S. 507; 59 L. Ed. 1433; 238 U. S. 507; 59 L. Ed. 1433; 238 U. S. 269; 59 L. Ed. 1303; 238 U. S. 269; 56 L. Ed. 815; 26 Cyc. 1090; 29 Cyc. 477; 57 Kan. 499; 46 Pac. 941; 126 N. C. 200; 35 S. E. 423; 15 Ky. L. 311; 22 S. W. 445; 127 La. 757; 53 So. 981; 172 Fed. 346; 24 L. R. A. (N. S.) 1020; 94 U. S. 469; 24 L. Ed. 256; 76 S. C. 202; 76 S. C. 207; 101 S. C. 334; 104 S. C. 476; 114 Am. St. Rep. 500; 69 L. R. A. 246. *As to assumption of risks:* 233 U. S. 492; 58 L. Ed. 1662; 241 U. S. 229; 60 L. Ed. 970; 241 U. S. 257; 60 L. Ed. 977; 102 S. C. 276.

February 19, 1918.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiff, an employee of defendant, as station master, at Orangeburg, S. C., was assaulted and injured by a robber at night, while he was attending to his duties. Being engaged at the time in interstate commerce, he brought this action under the Federal act to recover damages for his injuries, which, he alleges, were caused by defendant's negligence in failing to keep its station grounds properly lighted.

About 3 o'clock in the morning of January 7, 1916, while plaintiff was in his office at the station, a man opened the door, and told him that a loaded box car in the yard was open. Plaintiff turned on the lights about the station house and yard, which were controlled by a switch in the office, went out and closed the car, and was going back to the office to get a sealing iron to seal it, when the city fire alarm was sounded. In pursuance of his duty, under the rules of the company, he proceeded to ascertain the location of the fire. In doing so, he passed the office door and one of the waiting room doors, in which the man was standing, and, in passing, plaintiff thanked him for the information given, and walked on some 15 or 20 steps to the sidewalk on Broughton street, which crosses the railroad at right angles, to look for the fire. After having discovered that it was in a distant part of the city, he turned and was going back to the office, when he was struck from behind by the robber. The blow crushed his skull, and left him in a seriously and permanently impaired condition.

The company had provided for four lights on the outside—one above the office door, one above each of the waiting room doors, and one on a pole in the yard, between the street and the station. This light was about 30 feet from the station house. On the night of the assault, the light above one of the waiting room doors and that on the pole were not burning, and they had not been burning for several nights before. There was an arc light in the street, about 100 feet distant, which afforded some light about the station; but it was darker at the point where plaintiff was struck (which was somewhere between the pole and the corner of the station) than it would have been if all the lights had been burning, and the testimony tends to show that the robber struck under cover of the greater darkness, caused by the absence of those lights.

After hearing all the evidence, the Circuit Court directed a verdict for defendant, on the ground that the alleged negli-

gence of defendant was not the proximate cause of plaintiff's injuries. Other points of subsidiary importance were discussed by both parties at the hearing in this Court, but we shall consider only the ruling of the Circuit Court, as that is the controlling issue in the case.

It is elementary that the law considers the proximate and not the remote cause of injury, which means that, when one party seeks to recover damages of another for a wrongful act or omission, he must allege and prove that the act or omission was the direct and efficient cause of his injury. That does not mean, however, that the cause nearest in sequence must necessarily be held to be the proximate cause; for ordinarily the law imposes liability upon him whose wrongful act is the active, efficient, and procuring cause of an injury which is the natural and probable consequence of that act, even though the injury may not follow the act in immediate sequence. Cannon v. Lockhart Mills, 101 S. C. 62, 85 S. E. 233.

But, as said by Judge Wardlaw, in Harrison v. Berkley, 1 Strob. 525, 549, 47 Am. Dec. 578:

"Such nearness in the order of events, and closeness in the relation of cause and effect, must subsist, that the influence of the injurious act may predominate over that of other causes, and shall concur to produce the consequence, or may be traced in those causes. To a sound judgment must be left each particular case. The connection is usually enfeebled, and the influence of the injurious act controlled, where the wrongful act of a third person intervenes, and where any new agent, introduced by accident or design, becomes more powerful in producing the consequence than the first injurious act. 8 East. 1; 1 Esp. 48. It is, therefore, required that the consequences to be answered for should be natural as well as proximate. 7 Bing. 211; 5 B. & Ad. 645. By this I understand, not that they should be such as, upon a calculation of chances, would be found likely to occur, nor

such as extreme prudence might anticipate, but only that they should be such as have actually ensued one from another, without the occurrence of any such extraordinary conjuncture of circumstances, or the intervention of any such extraordinary result, as that the usual course of nature should seem to have been departed from.  In requiring concurring consequences, that they should be proximate and natural to constitute legal damage, it seems that in proportion as one quality is strong may the other be dispensed with; that which is immediate cannot be considered unnatural; that which is reasonably to be expected will be regarded, although it may be considerably removed.  *Bennett v. Lockwood*, 20 Wend. (N. Y.) 223 (32 Am. Dec. 532)."

To the same effect are the decisions of the Federal Supreme Court.  *A., T. & S. F. Ry. Co. v. Calhoun*, 213 U. S. 7, 29 Sup. Ct. 321, 53 L. Ed. 671.

Let the principles announced in the cases cited be applied to the facts of this case, and the conclusion is inevitable that the negligence alleged was not the proximate cause of plaintiff's injury.  Certainly, the want of light did not directly cause or contribute to the injury.  There was no causal connection whatever between the two events.  That kind of an injury was neither a natural nor a probable consequence which might reasonably have been expected to result from the failure to keep all the lights burning.  The want of light was merely a condition which might or might not have influenced the intervening independent act of the robber, over whom defendant had no control.

The authorities are practically unanimous in holding that, when the negligence alleged appears merely to have brought about a condition of affairs, or a situation under which another and entirely independent and efficient agency intervenes to cause the injury, the latter is to be deemed the direct or proximate cause, and the former only the indirect or remote cause.  The doctrine is discussed and illustrated by numerous cases in 1 Thompson on Negligence, sec. 43, et

*seq.* A late case in point is *Chancery v. Norfolk & W. Ry. Co.* (N. C.), 93 S. E. 834, in which the Court held that a carrier was not liable for the robbery of a passenger, alleged to have been caused by the insufficient lighting and over-crowding of its cars.

As the facts, viewed in the most favorable light for plaintiff, were undisputed and susceptible of but one reasonable inference, the decision of the question was one of law for the Court.

Judgment affirmed.