10242

KEITH v. ATLANTIC COAST LINE R. CO.

(99 S. E. 812.)

1. CARRIERS—PASSENGERS—LOSS OF BAGGAGE—NEGLIGENCE.—Whether a carrier exercised due care towards a passenger, who lost his baggage, when put into a dark and crowded car, *held* question for the jury.

2. CARRIERS—LOSS OF BAGGAGE—PROVINCE OF COURT AND JURY—JURY QUESTION.—In an action by passenger who lost his baggage while riding in a dark and crowded car, the question whether the darkness was a proximate cause of the theft was a question of law for the Court.

3. CARRIERS—CARRIAGE OF PASSENGERS—LOSS OF BAGGAGE—PROXIMATE CAUSE.—Where a passenger, who was placed in a dark and crowded car, lost his baggage and the carrier had reason to know that the car would be crowded at that time, *held* that the darkness may be deemed the proximate cause of the loss.

Before WHALEY, County Judge, Richland, —— term, ——. Reversed.

Action by Alonzo Keith against Atlantic Coast Line Railroad Company, began in magistrate's Court, and from an adverse judgment defendant appealed to the County Court. From a judgment of the County Court for defendant, plaintiff appeals.    Judgment of County Court reversed, and that of magistrate sustained.

*Messrs. Logan & Graydon* and *Cole. L. Blease,* for appellant, submit: *A common carrier is liable for the loss of baggage retained under the control of the passenger where the carrier is negligent:* 3 Amer. & En. Law (2d Ed.) 549, and citations thereunder. *It is the duty of the railway company to furnish passengers with reasonable accommodations for their convenience and safety:* Civil Code 1912, vol. I, sec. 3248; 81 S. C. 1; 94 S. C. 282; 97 S. C. 465. *The railroad is bound to properly light a car on a train:* 88 S. C. 565; 84 S. E. 357 (N. C.); 143 N. C. 136; 142 N. C. 120; 36 Fed. 72; 57 S. C. 332. *The violation of section 3248 was so flagrant and wilful that it constituted not only negligence per se, but would support a finding of punitive damages, and when there is negligence shown, proximate cause is a question for the jury:* 61 S. C. 136; 54 S. C. 493; 76 S. C. 257. *Cases reviewed and distinguished:* 1 Strob. 525; *Carter v. A. C. L. Ry. Co.,* South Carolina (Advance Sheets); 93 S. E. 834 (N. C.). *In this last case, 93 S. E. 834, the cause of action arose in Virginia and was tried in North Carolina—neither of these States have a provision similar to sec. 3248. The case also conflicts with the decisions of South Carolina:* 81 S. C. 1; 94 S. C. 282; 97 S. C. 465.

*Messrs. Barron, McKay, Frierson & Moffatt,* for respondent.

July 15, 1919.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

It was stated by both sides at the bar that the chief issue in the case is whether the absence of lights in the passenger coach was a proximate cause of the loss of the passenger's baggage.

All the testimony established the fact that there was at most only one light in the coach, and it was the rear light and was dim. The conductor so admitted. All the testimony established the fact that the coach was crowded with workmen and was habitually so at that period of time.

The testimony tended strongly to prove that the passenger lost his bag on the journey from Sims Station to Sumter, a distance of less than 40 miles.

Whether the carrier exercised due care towards the passenger, to put him into a dark and crowded car, was a question for the magistrate's jury, and the question was decided by the jury for the passenger, and the Court did not review that finding. ·

Whether darkness was a proximate cause of the theft was a question of law for the Court.

If the carrier by its negligence towards the passenger gave a to be expected opportunity for the operation of another independent cause towards a loss of the baggage, to wit, the concealed hand of a thief, then the event may be referred to the negligence of the carrier.

See *Cannon v. Lockhart,* 101 S. C. 59, 85 S. E. 233, and cases therein cited. Lights are put into cars for the protection of passengers, and upon the reasonable expectation that if lights are not so furnished hurt will come to the passenger. There cannot be two opinions about that. In the instant case the expected event so happened, to wit, the nonprotection of the suing passenger and three other passengers as well.

The Court below based its opinion on two of our cases, *Harrison v. Berkley,* 1 Strob. 525, 47 Am. Dec. 578, and *Carter v. A. C. L. R. R. Co.,* 109 S. C. 119, 95 S. E. 357. The facts of the Berkley case make strongly for the appellant, and so does the judgment. There are words of the Court in that case, quoted in the Carter case, which tend to support the trial Court in the instant case; but the words are irrelevant to the facts of the Berkley case.

.The plaintiff in the Carter case was not a passenger, and the place was not a coach, so the judgment in that case is not contrary to that we have reached in the instant case.

The trial Court relied also on a North Carolina case, *Chancey v. Norfolk,* 174 N. C. 351, 93 S. E. 834, L. R. A. 1918a, 1070, Ann. Cas: 1918e, 580, which does go to the extent contended for by the defendant here.

But we prefer not to follow it. The causes which operate to produce an event are numerous and occult; and there is danger that in tracing causes sight may be lost of the obvious.

.In the instant case there was undeniably a breach of duty by the carrier; there was also loss to four passengers of their baggage under the same circumstances; the obvious inference is that the latter event springs out of the first event.

The judgment of the County Court is reversed and that of the magistrate's Court is affirmed.

Mr. Chief Justice Gary and Mr. Justice Watts concur.

Mr. Justice Hydrick. I dissent. If the decision of Carter's case was right, the decision of this case is wrong. They cannot be distinguished on any sound theory. The fact that in the one an employee was injured and in the other a passenger was injured affords no logical ground of distinction. While a carrier does owe a higher degree of care to his passengers than to his employees, the degree of care required in either relation is not an element of determining factor of the question of what is the proximate cause of

injury; for it is elementary that, if the act or omission com-
plained of is not the proximate cause of injury, there is no
liability, without regard to the degree of care required.
The two principles are separate and distinct, and applicable
to different phases of the case, and should not be confused.
In Carter's case, the Court unanimously and distinctly
approved the principle upon which Chancey's case was
decided, and it is admitted by the majority of the Court even
now that the Chancey case "does go to the extent contended
for by the defendant here."

MR. JUSTICE FRASER concurs in the dissenting opinion of
MR. JUSTICE HYDRICK.