RAGSDALE v. SOUTHERN RY.

1. EVIDENCE—LETTERS—FREIGHT.—In an action for shortage in freight, letters of a third party not shown to be the agent of the carrier are not competent to show shortage, and losses of other freight by other persons is not competent or relevant.

2. IBID.—SECONDARY.—Contents of bill of lading cannot be shown without proof of loss.

Before GAGE, J., Fairfield, March, 1904.    Reversed.

Action in magistrate court by Jno. K. Ragsdale against Southern Railway Co. From Circuit order affirming judgment of magistrate court, defendant appeals.

*Mr. R. H. Welch,* for appellant.

*Mr. G. W. Ragsdale,* contra.

July 20, 1904. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The magistrate rendered judgment in this case for $75.78, the value of 10,105 pounds of cotton seed, the alleged shortage on a carload of 44,555 pounds received by defendant railroad company at Blair's for shipment to Columbia. On appeal, the Circuit Court affirmed the judgment of the magistrate.

The judgment must be reversed, because there was no competent evidence offered to prove the shortage. The

plaintiff, after testifying he had put in the car 44,555 pounds of seed, was allowed to introduce letters from the manager of the Southern Cotton Oil Company, the consignee, to himself, from the manager of the South Carolina Oil Company to the manager of the Southern Cotton Oil Company, and from "D. L. Bryan, agent," to the manager of the South Carolina Cotton Oil Company, all for the purpose of showing the car contained when weighed in Columbia not more than 34,450 pounds of seed. It may be that Bryan was the agent of the defendant, Southern Railway Company, but there is nothing whatever in the evidence tending to show that relation. This correspondence was, therefore, nothing more than the written statements of third parties and incompetent. The error of admitting it was vital, because there was no other evidence of the shortage in the car.

It was error to allow the plaintiff to state the contents of the bill of lading without evidence of its loss.

Evidence as to losses of other freight by other persons, also, should have been excluded as incompetent and irrelevant.

The judgment of this Court is, that the judgment of the Circuit Court be reversed and the case remanded for a new trial.