10249

HALFORD v. SOUTHERN RY. CO.

(99 S. E. 839.)

1. CARRIERS—PASSENGERS—HEALTH CERTIFICATE—RETENTION BY CON-DUCTOR—PREVENTING COMPLETION OF JOURNEY.—Evidence that con-ductor of defendant railroad knew an 11-year-old plaintiff intended to go to a point on a connecting road, but told the station agent to give her a ticket to the junction, and took up her health certificate issued relative to quarantine measures to prevent infantile paralysis, and without which she was unable to purchase another ticket to her destination, etc., *held* to sustain a verdict for actual damages.

2. APPEAL AND ERROR — HARMLESS ERROR — PUNITIVE DAMAGES. — A charge submitting the issue of punitive damages in a passenger's action against a carrier was not prejudicial error requiring reversal where the jury returned a verdict only reasonably compensating her for actual damages.

Before SEASE, J., Barnwell, Fall term, 1917.   Affirmed.

Action by Fannie May Halford against the Southern Railway Company.   Judgment for plaintiff, and defendant appeals.

*Messrs. Harley & Blatt,* for appellant, cite: *As to there being no testimony upon which a verdict for punitive damages could be based:* 62 S. C. 269; 15 S. C. 412; 29 S. C. 265; 12th Encl. of Law (2d Ed.) 84; 69 S. C. 444; Thompson on Negligence 476; 29 S. C. 271; 16 Enc. of Law (1st Ed.), p. 392; 64 S. C. 507; 60 S. C. 75; 65 S. C. 42; 120 N. C. 320; 90 Tex. 275.

*Mr. J. O. Patterson, Jr.,* for respondent, cites: *As to health certificate:* Act of 1912, p. 744.   *As to punitive damages:* 88 S. C. 14; 88 S. C. 421.   *As to right of passenger*

*to ask for and receive all information necessary to enable him to reach his destination comfortably, safely and promptly:* 75 S. C. 144.

July 15, 1919.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action for damages, actual and punitive, and was tried before Judge Sease, and a jury, at Barnwell, 1917, and resulted in a verdict in favor of plaintiff for the sum of $435. At the conclusion of the evidence, defendant asked for a directed verdict both as to actual and punitive damages, on the ground that there was no evidence in the case either as to wantonness or wilfulness and no proof that plaintiff had sustained any damages, and on the ground that the agents and servants of defendant were carrying out instructions of the State board of health and were simply complying with the orders issued by said board. This motion was refused, after entry of juwgment. Defendant appealed.

Exceptions 1 and 2 impute error on the part of his Honor in not allowing F. J. Nuckenhaupt, a witness for the defense, to testify from correspondence in the office of the Southern chief passenger agent in Columbia showing the date on which the circular, dated September 10th, was mailed out of his office to the conductors and agents of the defendants, and further to show from this correspondence when this circular became effective. These exceptions are taken under a misapprehension, as the Judge did allow the witness to so testify, and received the circular in evidence, and it is printed in full in the case. These exceptions are overruled.

Exceptions 3 and 4 impute error in not directing a verdict both as to actual and punitive damages. There is ample testimony to sustain the verdict as to actual damage. There is evidence that the conductor knew that she was going to Varnville, and not to Allendale, as she told him her destination, and he, the conductor, was

with her when she purchased the ticket, and told the agent she had a health certificate, and directed the agent to give her a ticket to Allendale. Ho took up her health certificate, and left her, a 11-year-old girl, stranded at Allendale, a stranger without a certificate, without which she could not purchase a ticket to Varnville. She fell into the hands of Mr. J. H. C. All, whose sympathies were aroused by her tears and evident distress, and he acted the part of a good Samaritan, and had his son carry her to her home at Varnville in an automobile.

The amount of verdict rendered only compensated her for her annoyance, anxiety, and inconvenience, and the charge submitting the issue of punitive damages could not have been prejudicial to the defendant, such as to interfere with the finding of the jury, as most juries would have, in all probability, found that much, and we are not disposed to interfere with that finding.

All exceptions are overruled, and judgment affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES FRASER and GAGE concur.

MR. JUSTICE HYDRICK, *dissenting.* I think the judgment should be reversed. It penalizes the railway company because the conductor obeyed the order of the State health officer relative to a quarantine to prevent the spread of infantile paralysis. The Court correctly instructed the jury that the railway company and its agents were bound to obey orders issued by the State health officer, and that failure to do so would have subjected them to criminal prosecution. The order under which the conductor acted prohibited the carrying of any child under 16 years of age to any point within the State, unless a health certificate (in the form prescribed) was presented with his ticket, and further:

"These certificates are to be inspected by conductors in charge of each train on which child travels and are to be lifted by last conductor honoring. Lifted certificates will be attached to ticket (in the case of interline transportation,

to the last coupon of ticket reading the destination of passenger) and forwarded with other lifted transportation to auditor or other proper railroad official."

It will be seen that, if plaintiff had had a ticket from Barnwell to Varnville, the conductor could have allowed her to retain the certificate; but, as her ticket was only from Barnwell to Allendale, and as he was the last conductor honoring, it was his duty to take up the certificate and send it in with the ticket, for, if he had left it in her hands, she might have used it to procure a ticket and transportation thereon from Allendale to Varnville or elsewhere, after having been exposed to the contagion at Allendale. True, plaintiff testified that she told the conductor that she was going to Varnville, but the conductor said that he had no recollection of her telling him so, and that he did not even remember taking up her ticket and certificate; nevertheless that, if she had told him that she was going to Varnville, he would not have taken up her certificate. Be that as it may, if he had allowed her to retain the certificate, he would have been guilty of violating the order, for it required the last conductor honoring the ticket to take up the certificate, and, no doubt, that provision was inserted in the order·for the reason hereinbefore suggested—to prevent the use of the certificate after exposure to the contagion. Therefore, in taking up the certificate, the conductor was simply obeying the order and the law. It was not his fault, nor that of the railway company, that plaintiff was not provided with an interline ticket from Barnwell to Varnville, or with a sufficient number of certificates to enable her to pursue her journey to destination.

In no view of the evidence does it warrant any inference of any wilful dereliction of duty to plaintiff, or of any reckless disregard of her rights, and, therefore, it does not warrant the infliction of punitive damages. That the damages awarded were chiefly, if not entirely, punitive is certain because there was no proof of any actual damages. The

trial Court so regarded the evidence, and instructed the jury :
"If you think a case of this kind is not a proper case for
punitive damages, then you will return a verdict for the
defendant."

That was the law of the case, and, therefore, we are
bound to assume that the verdict was for punitive damages
only, and it ought not to be sustained on the ground that
only actual damages were, in fact, awarded. Besides, it
seems to me to be going too far to hold that a judgment for
$435 does not include punitive damages, under the circum-
stances stated. There was no proof of actual damages,
unless a recovery be allowed for plaintiff's mental distress
on account of not being able to get a ticket from Allendale
to Varnville, and it is well settled that such damages are not
recoverable in a case like this in the absence of physical
injury. For these reasons I dissent.