12254

THOMPSON v. THOMPSON

(139 S. E., 182)

1. FRAUDS, STATUTE OF—IN ACTION FOR BREACH OF ORAL CONTRACT TO SELL CORPORATE STOCK, DENIAL OF DIRECTED VERDICT FOR DEFENDANT WAS PROPER, WHERE EVIDENCE TENDED TO SHOW PARTIAL PERFORMANCE.—In action for damages for alleged breach of verbal contract to sell an interest in the capital stock of a corporation, where evidence tended to show partial performance by plaintiff, denial of directed verdict for defendants on ground that contract was nonenforceable under statute of frauds was proper.

2. TRIAL—CHARGE, "NOW AS TO A VALID CONTRACT, WHAT IS A CONTRACT? IT MUST BE ABOUT A LAWFUL SUBJECT AND I CHARGE YOU THIS IS A LAWFUL SUBJECT—HELD NOT ASSUMPTION THAT CONTRACT EXISTED.—In action for damages for alleged breach of oral contract to sell interest in corporate stock, Court's charge, "Now, as to a valid contract, what is a valid contract? It must be about a lawful subject, and I charge you this is a lawful subject"—*held* entirely within the Court's prerogative and not an assumption of the existence of a contract.

3. TRIAL—CHARGE AS TO DEFINITENESS HELD NOT ERRONEOUS AS SUBMITTING QUESTION OF LAW AND LEAVING JURY TO LOOK TO EVIDENCE FOR CONTRACT WITHOUT REGARD TO PLEADINGS.—In action for breach of alleged verbal contract, Court's charge in part, "And the contract must be definite enough to enforce, and that will be for you to decide," *held* not error as submitting question of law and leaving jury to look to the evidence for a contract without regard to the pleadings.

4. TRIAL—CHARGE HELD NOT ERRONEOUS AS ELIMINATING ISSUE WHETHER THERE WAS CONTRACT OR AS LEAVING JURY TO FIND CON-

TRACT IN TESTIMONY WITHOUT REGARD TO COMPLAINT.—In action for breach of alleged oral contract, charge, "As to what the contract was, * * * you have heard their testimony, and it is for you to say what the agreement was, what each agreed to and what each has done; that is a matter for you, and you are to determine that"—*held* not erroneous as eliminating question whether there was a contract or as leaving it to jury to find contract in testimony without regard to complaint.

5. APPEAL AND ERROR—WHERE VERDICT IS FOR ACTUAL DAMAGES ONLY, ERROR CANNOT BE PREDICATED ON CHARGE RELATIVE TO PUNITIVE DAMAGES.—Where verdict is for actual and not punitive damages, error cannot be predicated on charge relative to punitive damages.

Before WILSON, J., Horry, April, 1924.   Affirmed.

Action by M. B. Thompson against A. C. Thompson. Judgment for plaintiff, and defendant appeals.

The following is a portion of the Court's charge:

"Now, Mr. Foreman and gentlemen, those are the pleadings in this case, the complaint of the plaintiff and the answer of the defendant.  Now, as to a valid contract, what is a valid contract?  It must be about a lawful subject, and I charge you this is a lawful subject.  The parties making the contract must be capable of making a contract, and I charge you that there is no evidence contrary to the fact that both these parties are capable of making a contract.  And the contract must be definite enough to enforce; and that will be for you to decide, as to what their agreement was, for you have heard the testimony on both sides.  There must be some definite understanding that a man is ready to do something right then, or will do on certain conditions; and it must be shown on both sides that the plaintiff who claims a breach of the contract was ready to perform his part of those conditions."

Appellant's Exceptions 3, 4, and 5 follow:

"III. His Honor erred in charging the jury as follows: 'And the contract must be definite enough to enforce, and that will be for you to decide'—the error being that his Honor in so charging submitted a question of law to the

jury and left it to them to look to the evidence for a contract without regard to the pleadings, which should bind the parties and the Court.

"IV. His Honor erred in charging the jury as follows: 'As to what the contract was, * * * you have heard their testimony, and it is for you to say what the agreement was, what each agreed to and what each has done; that is a matter for you, and you are to determine that'—the error being: (a) That same was a charge on the facts in that it charges that there was a contract. (b) That it eliminates the question of no contract and the statute of frauds as pleaded in defendant's answer from consideration. (c) That it leaves it to the jury to find a contract in the testimony without regard to the complaint.

"V. His Honor erred in charging the jury as follows: 'If a party acts in a willful, malicious, or wanton manner, and causes damage, then the jury can, in a case like that, give punitive, vindictive, or what you have heard called smart money, to punish the man for the wrong he has done' —the error being that the complaint was on contract and there was no evidence warranting punitive damage, and if there was, the law charged was not applicable, and as charged tended to magnify plaintiff's cause."

*Messrs. Sherwood & McMillan,* for appellant, cite: *Case within statute of frauds:* 113 S. C., 317; 98 S. C., 176; 72 S. C., 35; 15 S. E., 244; 95 S. C., 489; 1 McCord Eq., 87; 11 Rich., 347; 86 S. C., 312. *Jury should be confined to issue raised by pleadings:* 86 S. C., 98; 84 S. C., 117: *Cases distinguished:* 118 S. C., 449.

*Messrs. H. H. Woodward* and *W. F. Stackhouse,* for respondent, cite: *Application of statute of frauds:* 1 McMullan Eq., 87; 54 S. E., 939; 118 S. C., 449; 131 S. C., 245. *Findings of trial Court not reviewable unless wholly unsupported by evidence:* 104 S. C., 218.

August 25, 1927.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an action for damages as a result of the alleged breach of a verbal contract by which the defendant obligated himself to sell to the plaintiff a half interest in the capital stock of the Conway Bargain House, a corporation in which the defendant and his wife owned the entire capital stock.

The testimony is exceedingly vague and unsatisfactory, but the jury has found a verdict in favor of the plaintiff; the presiding Judge has refused a new trial, and we cannot say that the verdict is wholly without evidentiary basis.

The main contention of the defendant-appellant is that his motion for a directed verdict should have been granted upon the ground that the contract was non-enforceable under the statute of frauds. There is evidence tending to establish the verbal agreement alleged, and that it was partially performed by the plaintiff, so as to relieve the plaintiff from the bar of the statute. The motion was therefore properly refused.

See *Gadsden v. Lance,* McMul. Eq., 87; 37 Am. Dec., 548; *Hightower v. Ansley,* 126 Ga., 8; 54 S. E., 939; 7 Ann. Cas., 927; Vol. 3, Code 1922, § 5517, and cases cited.

The second exception is without merit. The Circuit Judge was entirely within his prerogative in charging the jury: "Now as to a valid contract, what is a valid contract? It must be about a lawful subject, and I charge you this is a lawful subject." His charge amply presented to the jury the contested question as to the existence of a contract; his observation above quoted was entirely correct and could not have been taken by the jury as an assumption of the contention of the plaintiff.

The third exception complains that the Circuit Judge submitted to the jury a question of law, the decision of the definiteness of the alleged contract. Taking the portion of the charge excepted to, in the connection in which it was used, it will appear that the issue intended for

the jury was the existence of the contract. ('The reporter will incorporate in the report of the case the charge of the Circuit Judge in this connection, beginning at folio 365 of the transcript and ending with the word "that," in the middle of folio 367.)

The fourth exception, which will be reported, is manifestly without merit.

The fifth exception is baseless, as the verdict was for actual and not punitive damages.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

Mr. Chief Justice Watts and Messrs. Justices Blease, Stabler and Carter concur.