14287

HOLDER v. SOVEREIGN CAMP, W. O. W.

(185 S. E., 547)

 Sep-
tember, 1935. .

*Mr. Horace L. Bomar,* for appellant, 

*Messrs. Johnson & Johnson* and *Nicholls, Wyche & Rus-
sell,* for respondent, 

.May 5, 1936.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

The plaintiff instituted this action in the County Court of Spartanburg County against the defendant-appellant, Sovereign Camp of the Woodmen of the World, for the recovery of damages, actual and punitive, on account of the alleged wrongful and fraudulent lapse or cancellation of a certain certificate of insurance. The defendant's answer admitted the issuance of the original certificate to the plaintiff on May 31, 1904; that it was exchanged for a substitute certificate on October 24, 1905, the latter certificate being the one upon which the action is based; and further alleged that the plaintiff failed to comply with the by-laws of the defendant association, and did not pay any premiums, as required by the terms of the certificate, after November, 1929, on account of which the plaintiff's certificate became null and void. The trial resulted in a verdict for the plaintiff in the amount of $500.00, actual damages.

During the course of the trial the defendant objected to certain testimony elicited from the witness, C. C. Brown, by the plaintiff, which is made the basis for the first exception on appeal. The defendant has also appealed from the rulings of the trial Judge overruling motions made for a nonsuit and for a directed verdict.

The first exception assigns error upon the ground that the testimony objected to is speculative, and that it was the mere opinion of the witness, based upon a hypothetical question.

The witness, C. C. Brown, was the financial secretary of Magnolia Camp, Woodmen of the World, in the City of Spartanburg, and the person to whom local camp dues and insurance assessments or premiums were payable. The plaintiff was a member of this camp. This witness was asked by counsel for the plaintiff if he would have accepted payment of the November dues if Mr. Holder or his son had offered payment, without the record of the plaintiff's membership.

The plaintiff previously to this point in the trial had testified repeatedly that on several occasions he had offered to pay his November, 1929, assessment to this witness. It also appears from the record, prior to this stage of the trial, that the plaintiff's son had offered to pay the plaintiff's November assessment to Mr. Brown on at least three occasions. The record is equally clear at several points that the witness, Brown, as financial secretary, had refused to accept the plaintiff's assessment and dues because he was unable to find any record of plaintiff's membership. Mr. Brown had previously testified that he could not find the record of plaintiff's membership, and that both the plaintiff and his son came to see him several times with reference to plaintiff's insurance premiums and dues.

Counsel for the defendant objected to the witness' answering the question, first, upon the ground that it was a hypothetical question. When the Judge inquired if his objection was based upon the ground that the question was speculative, counsel for the defendant replied: "The fact was, no money was tendered. The question is improper." The trial Judge overruled the objection, and the witness thereupon answered:

"I had just taken over the job as secretary with probably five or six hundred members. Its dues came in small amounts of many odd cents, and the Sovereign Camp insist on records, and, not being able to find the record of Mr. Holder, I do not think I would have accepted the money."

It may be regarded as doubtful if the appellant has properly laid the foundation for this ground of appeal, but waiving this, we will pass upon it.

The testimony was incompetent and should have been excluded. The answer of the witness was a mere opinion or conjecture. *Roberts v. Virginia-Carolina Chemical Company,* 84 S. C., 283, 66 S. E., 298; *Welch v. Clifton Mfg. Co.,* 55 S. C., 568, 33 S. E., 739. We do not think, however, that the error was prejudicial, or of so serious a nature as to justify a reversal of the judgment. That Mr. Brown had refused to accept payment of the plaintiff's November, 1929, assessment was fully and properly established by other evidence.

It is a well-settled rule that the admission of improper evidence is harmless, where the fact thereby sought to be shown is otherwise fully and properly established. *Rainwater v. Bonnett,* 151 S. C., 474, 149 S. E., 254.

By Exception 4, error is assigned to the trial Judge in a certain isolated portion of his charge to the jury on the question of fraud. The record discloses that the Judge instructed the jury fully and comprehensively on this issue, and charged the special requests of the defendant on this point without modification. The portion of the charge objected to is:

"The general rule is that fraud cannot be presumed. But by that I do not understand that it may not be established by presumptive evidence. Such facts as will satisfy a reasonable mind of its existence are all which the law requires. The rule means no more than that fraud shall not be presumed without evidence. You cannot presume fraud without some evidence."

After reading the charge as a whole, we do not think it reasonably possible that the jury could have been misled by this instruction. The trial Judge had previously instructed the jury:

"Fraud is never presumed; on the contrary, honesty is presumed. To establish fraud, the evidence must be clear and satisfactory, or clear, cogent and convincing, or strong and decisive. * * * "

The question of fraud related only to the issue of punitive damages. The verdict of the jury was for actual damages. Therefore, even if it could be held that the trial Court was in error in the giving of the instructions complained of, such error would be harmless. *Levan v. Atlantic Coast L. R. R. Co.,* 86 S. C., 514, 68 S. E., 770; *Halford v. Southern Ry. Company,* 112 S. C., 266, 99 S. E., 839; *Thompson v. Thompson,* 141 S. C., 56, 139 S. E., 182.

By Exceptions 2, 3, 5 and 6, appellant assigns error in the refusal of the trial Judge to grant its motions for a nonsuit and for a directed verdict. These exceptions test the sufficiency of the evidence under the scintilla rule, to sustain the plaintiff's cause of action, a brief summary of which is as follows; and, of course, it must be regarded in the light most favorable to the plaintiff:

The plaintiff at the time of the issuance of the certificate to him, in 1904, was 25 years of age. He was a farmer, residing on his farm several miles from Spartanburg. Some time before November, 1929, he left his farm, moved to the City of Spartanburg, and transferred his membership to Magnolia Camp. The premiums or assessments on his certificate were originally 80 cents per month, but were later raised to 90 cents per month. These assessments were paid regularly by the plaintiff for a quarter of a century, from May, 1904, through October, 1929. When the November, 1929, assessment became due, the plaintiff first sent the payment of this assessment by his son to Mr. C. C. Brown, who was at that time financial secretary of the local camp of the defendant association, and the person to whom assessments were payable under the by-laws of the association.

This occurred in October, 1929, while the policy was, admittedly, still in force and effect.

When the plaintiff's son offered to pay the assessment on his father's certificate, the financial secretary could find no record of the plaintiff's membership, and refused to accept payment. "He said he had no record, and could not take it; that he had no right to take it." Mr. Brown testified, "I did not think it wise to accept it." After the financial secretary had refused to accept payment of the assessment, the plaintiff went in person to see Mr. Brown, and offered to pay the premium, but he refused to accept the payment, stating that he could not find the plaintiff's membership record anywhere, and could not take the money unless he could locate his name. The plaintiff did not actually pull the money out of his pocket, but told Mr. Brown that he had come to pay the premium. Shortly before this suit was commenced the plaintiff went to the office of the financial secretary and found there a Mr. Outz, who had replaced Mr. Brown as financial secretary, and the membership card of the plaintiff was thereupon discovered and given to him, but the certificate had been lapsed by the defendant for failure to pay the November, 1929, assessment.

At the time of the trial the plaintiff was 56 years of age. It is admitted in the record that even if in good health at that time, the monthly premium on a similar certificate for that age would be $5.00. The plaintiff testified that he was not financially able to pay such a large premium, even if he were insurable.

We think the evidence in the record warranted the submission of the question to the jury as to whether the plaintiff's certificate of insurance was negligently and wrongfully terminated and canceled by the defendant, and that it would have been reversible error to have granted the motion for a nonsuit or the motion for a directed verdict. The plaintiff undoubtedly tried to pay his November, 1929, assessment before it became due. Before the expira-

tion of the ninety-day period for reinstatement without medical examination, he again offered to pay his assessment, and wrote to the president of the defendant association for advice as to what to do under the circumstances, the circumstances being the refusal of the local financial secretary to accept his premiums as herein narrated. After receipt of a letter dated February 24, 1930, from the president, advising him that Mr. Brown would adjust the matter of his membership, the plaintiff again offered to pay Mr. Brown, but payment was refused because Mr. Brown could not find plaintiff's membership card, and the matter of plaintiff's membership was never adjusted. His certificate was canceled and his insurance lost.

Under the rule recently enunciated, in the case of *Pack v. Metropolitan Life Ins. Co.*, 178 S. C., 272, 182 S. E., 747, the plaintiff was entitled to receive as actual damages the sum of the premiums paid on the policy, and the loss sustained by the lapse of the policy, and the damage which the plaintiff has sustained by such lapse, to be ascertained, as for example, by ascertaining his life expectancy and the amount he would be required to pay for insurance of like character during such period, together with any special damages which he might have sustained by reason of the wrongful lapse. But, as held therein, the amount of recovery for actual damages cannot equal the amount of the lapsed policy. In this case the maximum amount of the policy at the time of the lapse was $1,000.00.

The exceptions have been carefully considered in the light of the record, and must be overruled.

The judgment of the County Court is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and BAKER concur.