14962

GREENVILLE COUNTY v. STOVER *ET AL.*
SAME v. BOWEN *ET AL.*

(5 S. E. (2d), 461)

July, 1939.

*Mr. Wilton H. Earle,* for appellant,

*Messrs. C. S. Bowen,* for respondents W. E. Bowen and Bertha C. Bowen and *Stephens Nettles,* for respondents, Dakyns B. Stover and Edith L. Stover,

November 7, 1939.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

These appeals are predicated upon the same facts which led to the litigation. They were heard together on Circuit and are submitted to this Court upon similar transcripts of record and briefs. It is conceded that the determination of the issues of one appeal will determine the issues of the appeal in the other. Therefore, we will consider the questions arising in the appeal of the case of *Greenville County v. W. E. Bowen and Bertha C. Bowen,* and that decision will be decisive of the appeal in the case of *Greenville County v. Dakyns B. Stover and Edith L. Stover.*

Greenville County filed an action against W. E. Bowen and Bertha C. Bowen in which it is alleged that W. E. Bowen, in an *ex parte* capacity, he being one of the county attorneys for Greenville County, secured an order commanding the treasurer of Greenville County to pay W. E. Bowen, on account, the sum of $3,000.00 for services rendered Greenville County; that the said order was secured without notice and by making false statements; that the order was void and had been so declared by the Supreme Court; that the money was obtained without warrant of law, and while said W. E. Bowen held a trust position in Greenville County; and that the said W. E. Bowen was guilty of fraud as set out in Paragraph IV of the complaint. That Mrs. Bertha C. Bowen was made party defendant in the action because W. E. Bowen turned over to her the money received by him under the said void order.

The defendants gave notice that they would move before Judge Oxner, the resident Judge, for an order requiring plaintiff to elect on which cause of action it would go to trial, one in assumpsit for money had and received, a cause of action arising *ex contractu,* or a cause of action for fraud and deceit, a cause of action arising *ex delicto.*

Judge Oxner disqualified himself from hearing the motion and referred it to Judge Featherstone of the Eighth Circuit. When it came before him for hearing, counsel for plaintiff advised the Court that he construed the complaint

to state a cause of action *ex contractu*. Whereupon his Honor ordered that it be so construed and the motion dismissed. From this order there is no appeal.

Thereupon counsel for defendants gave notice of a motion before Honorable G. B. Greene, Judge of the Tenth Judicial Circuit, to strike from Paragraph 3 of the complaint the words, "and has been so determined by the Supreme Court of this State":

"2. Striking all of paragraph four of the complaint upon the respective grounds:

"(a) All of said paragraph through specification (e) thereof and beginning with the phrase 'and plaintiff, Greenville County, further alleges, etc.,' through the remaining portion of paragraph four, that the same is irrelevant, appropriate to an action only *ex delicto,* states mere conclusions, and constitutes no ground of fraud;

"(b) Beginning with the phrase 'because of all the facts,' etc., and ending with 'without warrant of law' in said paragraph, that same is redundant, and is a mere conclusion.

"3. Failing to succeed in striking paragraph four of said complaint in its entirety, then striking the following portions of said paragraph:

"(a) All of subdivision (a) of said paragraph on the ground that same is *res adjudicata,* and constitutes no ground of fraud;

"(b) All of subdivision (b) of said paragraph on the ground that same is irrelevant, dealing solely with a question of law and not of fact, was a matter about which the Court was better informed than the defendant W. E. Bowen, and constitutes no ground of fraud;

"(c) All of subdivision (c) of said paragraph on the grounds that the same is irrelevant, was a question of law and not of fact about which the Court was better informed than the defendant W. E. Bowen, is a mere conclusion and constitutes no ground of fraud; and that portion thereof which reads as follows: 'and the Supreme Court has recently

judicially declared that said Act did require such notice,' upon the further ground that same is a matter of law and not of fact, is a mere conclusion, and is prejudicial;

"(d) All of subdivision (d) of said paragraph on the ground that same is *res adjudicata,* and constitutes no ground of fraud;

"(e) All of subdivision (e) of said paragraph on the ground that same is irrelevant, a mere conclusion, and constitutes no ground of fraud;

"(f) All that portion of said paragraph beginning with 'because of all the above facts,' and ending with 'without warrant of law,' on the ground that the same is redundant; and

"(g) All the remaining portion of said paragraph four on the ground that same is irrelevant, appropriate solely to an action *ex delicto,* and constitutes no ground of fraud.

"4. Requiring plaintiff to make the complaint more definite and certain by setting forth in paragraph three thereof in what particulars 'the order of the Judge of the Seventh Circuit, on which said W. E. Bowen secured said sum of money, was, and is void.'

"5. Failing in the motion to strike subdivisions (a) and (d) of paragraph four of said complaint, then requiring plaintiff to make the complaint more definite and certain in the following particulars:

"(a) By alleging in said subdivision (a) what misstatement was made with reference to the Judge of the Thirteenth Circuit being beyond the same; and

"(b) By alleging specially in said subdivision (d) what statements were made to the Judge therein referred to which were knowingly false."

Judge Greene made the following order:

"Honorable G. Dewey Oxner, Judge of the Thirteenth Judicial Circuit, having disqualified himself in the above entitled case it was brought before me on motion of defendants to make the complaint more definite and certain in

some respects and to strike out certain allegations of the complaint. The motion was heard by me on June 28, 1939, and taken under advisement. After carefully considering all questions raised by the motion it is

"Ordered that plaintiff be and is hereby required to amend its complaint as follows:

"I. By setting forth in paragraph III of the complaint the particular reasons or grounds why it is claimed that 'the order of the Judge of the Seventh Circuit, on which said W. E. Bowen secured said sum of money, was, and is void.'

"II. By striking out all of the allegations of paragraph IV of the complaint, including all the subdivisions thereof.

"It is further ordered that defendant's motion in so far as it demands that the words ' *   *   * and has been so determined by the Supreme Court of this State' be stricken out of the complaint, be and the same is hereby refused.

"It is further ordered that plaintiff have twenty days after notice of the filing of this order within which to amend its complaint in accordance with this order and to serve the same upon the defendants herein and that the defendants have twenty days after the service of the amended complaint upon them within which to answer the same.

"It is further ordered that if plaintiff fails to amend its complaint and make service thereof upon the defendants as herein provided, defendants have leave to apply to the Court for an order dismissing the complaint."

From this order, the plaintiff appeals on two exceptions. Exception 1 challenges the correctness of the order which directed that all of Paragraph IV of the complaint be struck, on the ground that those allegations are relevant, pertinent and material to the issues involved in the cause of action set forth in the complaint. In Exception 2 the order is challenged for requiring that Paragraph III be made more definite and certain by setting forth the particular reasons why it is claimed that the order of the Judge of the Seventh Circuit was, and is void; the challenge being:

"(a) That respondent W. E. Bowen has knowledge of all the facts on which said order is alleged to be void to the same or a greater extent than appellant has;

"(b) That the complaint contains allegations that the order referred to was obtained in an *ex parte* proceeding, without notice to Greenville County; that respondent W. E. Bowen obtained money without warrant of law; that the order referred to had been declared to be void by the Supreme Court (which opinion sets forth the grounds upon which it is void); and to add to these allegations would be pleading evidentiary matter;

"(c) All ultimate facts have been properly pleaded in the complaint."

Counsel for plaintiff advised the Court that his action was one for the recovery of money had and received, viz., an action *ex contractu*. An examination of Paragraph four reveals that it alleges matters and things relevant to an action *ex delicto,* and which had no part in an action *ex contractu.* It does not need the citation of authorities in support of our contention that there was no error on the part of Judge Greene in so holding.

Appellant challenges that part of the order which directs that the complaint be made more definite and certain by setting forth the grounds upon which it is claimed that "the order of the Judge of the Seventh Circuit, on which said W. E. Bowen secured said sum of money, was, and is void," principally on the ground that the facts relied on are peculiarly within the knowledge of W. E. Bowen, and are now sufficiently pleaded to apprize defendants of the grounds on which plaintiff relies.

Plaintiff overlooks the fact that Mrs. Bertha C. Bowen has been made a party defendant, and it is not alleged, nor can it be argued, that she has a full knowledge of the facts on which it relies. She is entitled to be so advised. It was within the discretion of the Circuit Judge to say whether the plaintiff should be required to set them out.

The exceptions are overruled and the order appealed from is affirmed.

MR. CHIEF JUSTICE STABLER, MESSRS. JUSTICES BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUTICE C. T. GRAYDON concur.