15324

GREENVILLE COUNTY v. STOVER

(17 S. E. (2d), 535)

*Mr. Stephen Nettles, Mr. J. G. Leatherwood* and *Mr. C. S. Bowen,* all of Greenville, for appellant,

*Mr. Wilton H. Earle,* of Greenville, for respondent,

November 7, 1941.

The opinion of the Court was delivered by MR. ASSOCI-ATE JUSTICE BAKER.

The factual foundation for this action may be gathered from the following cases: *Ex parte Hart* (*In re: Bowen*), 186 S. C., 125, 195 S. E., 253; *Ex parte Greenville County* (*Appeal of Bowen et al.*), 190 S. C., 188, 2 S. E., (2d), 47, and *Ex parte Hart et al.* (*Appeal of Bowen et al.*), 190 S. C., 473, 2 S. E. (2d), 52. See, also, *Greenville County v. Stover et al.* (*Greenville County v. Bowen et al.*), 192 S. C., 31, 5 S. E. (2d), 461.

The Transcript of Record contains a "Stipulation" reading as follows: "There is a companion case of Greenville County against W. E. Bowen, which was tried along with this case and the same verdict and judgment rendered. The issues were identical. Notice of Intention to Appeal was also served in the Bowen case and it is agreed that the latter shall abide the decision of the Supreme Court in the Stover

case, that is to say, if the Stover case is reversed, then, for like reason, the Bowen case shall be reversed; if the Stover case shall be affirmed, then, for like reason, the Bowen case shall be affirmed."

The agreed "Statement" in the Transcript of Record is in part:

"This action was instituted in the Court of Common Pleas for Greenville County by the service of a Summons and Complaint (date not appearing in the record), and was an action for money had and received in the sum of Three Thousand ($3,000.00) Dollars. Subsequently an Amended Complaint was served bearing date January 25, 1940. By the Amended Complaint, plaintiff alleged that defendant had received the sum of money aforesaid under orders of Honorable T. S. Sease, Judge of the Seventh Judicial Circuit, which orders were alleged to be null and void in that no notice was given Greenville County and Greenville County was not made a party to said proceedings.

"Within due time the defendant filed his Answer setting up the following defenses: (1) The Court was without jurisdiction of the action in that same was instituted by the County Attorney without lawful authority; * * * (6) ratification by plaintiff of orders of Judge Sease, and waiver of all defects therein, by payment of said money with full knowledge of all facts; * * * (8) defendant received, and plaintiff paid, the money herein involved in good faith, in the belief that same rightfully belonged to defendant; and (9) set-off for services rendered by defendant to plaintiff, reasonably worth the sum of Three Thousand ($3,000.00) Dollars, and equaling the demand of plaintiff.

"The cause came on for trial before His Honor William H. Grimball, Presiding Judge, and a jury, on January 30, 1941. At the conclusion of all the testimony, plaintiff made a motion for a directed verdict in its favor; and the defendant made a motion for a directed verdict in his favor.

The motion of the defendant was refused and the motion of the plaintiff was granted, the Court directing a verdict for the plaintiff for the full amount sued for, with interest, to-wit: $3,657.50.

"Thereafter, a motion was made by the defendant for a new trial, which motion was refused."

This appeal is from the order of the trial Judge directing a verdict in favor of plaintiff-respondent, and from his order refusing a new trial; and raises the following issues: (1) Was the action instituted without lawful authority? (2) Can money paid under a mistake of law by a municipal corporation or body politic be recovered? (3) Will an action lie to recover money had and received in the absence of bad faith in receiving such money? (4) Was the defendant-appellant entitled to a directed verdict on his plea of set-off on the testimony before the Court?

In the view we take of this case, it can be conceded, without so deciding, that there is no merit in the first three issues. The fourth issue is meritorious.

Upon a trial of the case on its merits, the respondent introduced in evidence the entire record in the matter of *Ex Parte W. E. Bowen and D. B. Stover,* for extra compensation, which was a proceeding had before Honorable T. S. Sease, Judge of the 7th Judicial Circuit, when he issued his orders of June 2, 1937, and June 3, 1937 (afterwards declared invalid in *Ex parte Hart et al.,* 190 S. C., 473, 2 S. E. (2d), 52) wherein he ordered the Greenville County Supervisor, Board of County Commissioners and County Treasurer to pay to appellant the sum of $3,000.00 on account, as extra compensation in accordance with the 1937 Greenville Supply Act, 40 St. at Large, p. 1071, and specifically by virtue of and in accordance with the authority of Section 33 of said Act. We will later herein refer to this section.

In introducing this record, which was done without objection on the part of appellant, the respondent did not undertake to limit the purpose of its introduction and in

stating to the Court and jury what the record contained, had this to say: "Also in these papers is the testimony that was taken before Judge Sease, six pages taken by Mr. Gilbert, the court stenographer, in which it seems that Mr. Bowen testified, Mr. Stover testified, Mr. J. Wilbur Hicks testified, Mr. Harold Major, of Anderson and Mr. Donald Russell of Spartanburg."

The petition in that proceeding was a joint one by appellant and W. E. Bowen, setting forth that they were the duly appointed, qualified and acting county attorneys for Greenville County; that since their appointment and the taking over of the duties of county attorneys there had been instituted against the County of Greenville nine separate suits and other proceedings by (then) present and former public officials of said county, seeking the recovery of alleged unpaid salaries and fees alleged to be due them by the Countty for over a period of years; that various defensive pleadings had been filed by them as the said county's attorneys, and over a period of five months they had given their undivided time and attention to the handling of such actions; that appearances had been made in the County Court and in the Court of Common Pleas, and one appearance before the Chief Justice of the Supreme Court, the details of these appearances being set out in the petition; that when petitioners were appointed and took over the duties of county attorneys none of these fee and back salary actions were contemplated, and that the greater portion of their time and a large amount of study was required in the preparation and handling of such matters; that the Greenville Legislative Delegation, realizing the amount of time and work necessary in the proper handling of said actions, provided for such an amount or amounts as extra compensation for petitioners as may be fixed by a Circuit Judge upon application, and payment thereof to be made at such time or times as may be ordered by said Circuit Judge; that it was in the contemplation of the Legislative Delegation that petitioners should receive compensation on account, and at the termination of

all litigation; "that your petitioners feel that the sum of $3,000.00 each on account in the premises is reasonable."

Upon this petition, a hearing was had before Judge Sease, at which time Mr. W. E. Bowen testified in detail as to the work he and Mr. Stover had done, and as to actions pending and amounts involved, during the course of which the Court asked: "Do you think that is a reasonable fee, reasonable allowance at this time on account?"

The reply was: "Yes, sir, we have been since the first of January laboring with these cases and I know Mr. Stover and myself have both had to let our private practice suffer because of the cases."

The appellant herein also testified, corroborating everything which had been said by Mr. Bowen, and said: "I feel that for the time and work we have done the fee we ask at this time is very reasonable."

In addition to this testimony, Mr. J. Wilbur Hicks, Mr. Harold Major and Mr. Donald Russell, outstanding attorneys of this State and located respectively at Greenville, Anderson and Spartanburg, testified that the fee asked at that time was reasonable.

All of the above testimony was taken stenographically, transcribed and placed in the record, and was, as aforesaid, introduced in evidence by respondent upon the trial of this case on its merits. And this was the sole testimony before the Court on the reasonableness of the fee.

Did the fact that orders issued, and which for the amount ordered to be paid were bottomed upon this testimony, have been declared invalid for the reason that the Judge issuing the orders did not have jurisdiction, in anywise affect the probative value of this testimony? We think it did not. Of course, the appellant could not, had it been objected to, have introduced the entire record in the proceeding before Judge Sease, but as hereinbefore stated the record of the entire proceeding was introduced in evidence by respondent without qualification or restriction, and

must therefore be treated as admitted generally, and was available to either party to the action.

That proof of a plaintiff's cause of action (where a nonsuit is not granted) can be supplied by a defendant, and conversely, proof of a defendant's defense can be supplied by a plaintiff, is a postulate which cannot be denied.

In the case of *Murphy v. Equitable Assurance Society of United States,* 197 S. C., 393, 15 S. E. (2d), 646, 650, the plaintiff's counsel introduced certain letters in evidence, the contents of which tended to prove the defense of the defendant, to-wit: That the insurance was terminated during the lifetime of the insured. In writing the opinion of the Court, Mr. Chief Justice Bonham stated: "In the case we are considering, the plaintiff herself has introduced conclusive evidence, invoked by her counsel's letters to J. Allen Smith and Company that the employment of Austin Murphy with J. Allen Smith and Company terminated July 7, 1937, and he died August 1, 1937. Appellant's counsel says that this correspondence was introduced for the purpose of showing Johnson's agency. It does not appear from the record that he made any such statement or reservation when the letters were offered in evidence. Irrespective of the purpose counsel had in mind when he introduced this correspondence in evidence, we think he is barred from denying it or introducing evidence to contradict it. When he introduced the letters written J. Allen Smith and Company and Equitable Life Assurance Society, he made the contents of the letters his own evidence and could not contradict it."

*In Diaz v. United States,* 223 U. S., 442, 32 S. Ct., 250, 251, 56 L. Ed., 500, Ann. Cas., 1913-C, 1138, decided February 19, 1912, the defendant offered in evidence the record of the preliminary investigation which included the testimony produced before the justice of the peace. The position of the defendant was that the introduction of the record of the assault case upon the homicide trial was merely in support of his plea of former jeopardy; that it was not,

and could not be, evidence of the facts which were in issue. The position of the government was that the record of the preliminary investigation was in evidence by his act, and for every purpose to which it was relevant. We quote from the opinion, delivered by Mr. Justice Van Devanter: "It is objected that the accused was deprived of the right, secured to him by § 5 of the Philippine civil government act, supra, 'to meet the witnesses face to face,' in that judgment of conviction for homicide was rested in part upon the testimony produced before the justice of the peace at the trial for assault and battery and at the preliminary investigation. But this objection overlooks the circumstances in which the record wherein that testimony was set forth was received in evidence. It was not offered by the government, but by the accused, and was offered without qualification or restriction. And it is otherwise manifest that the offer included the testimony embodied in the record as well as the recitals of what was done by the justice. It was all received just as it was offered, no objection being interposed by the government. In some respects the testimony was favorable to the accused and in others favorable to the government. It included a statement by the accused, who refrained from testifying in the court of first instance, and also the report of an autopsy which was favorable to him. In these circumstances the testimony was rightly treated as admitted generally, as applicable to any issue which it tended to prove, and as equally available to the government and the accused. * * * True, the testimony could not have been admitted without the consent of the accused, first, because it was within the rule against hearsay, and, second, because the accused was entitled to meet the witnesses face to face. But it was not admitted without his consent, but at his request, for it was he who offered it in evidence. So, of the fact that it was hearsay, it suffices to observe that when evidence of that character is admitted without objection, it is to be considered and given its natural probative effect as if it were in law admissible. * * *"

That "there is no health in a void judgment" is a well-established principle of law, but such principle is not pertinent to the issue now under discussion.

Section 33 of Act No. 515, Acts of 1937, 40 St. at Large, page 1071, is as follows: "There is hereby appropriated for the County Attorneys as extra compensation for their services, in the several suits against the County for fees and salaries, and any other matters not anticipated in their employment, such amount or amounts as may be fixed by a Judge of the Court of Common Pleas upon application to the Court as may be made hereafter by said County Attorneys; such amount or amounts so fixed by the Court to be paid out of the contingent fund of the County, at such time or times as the Court may order, upon warrants in the same manner as provided for the payment of salaries of the public officers of the County."

We set out the above section of the Greenville County Supply Act for 1937, for the reason that it is suggested by the closing paragraph of respondent's printed brief that in fixing the compensation of appellant the method provided by the statute would have to be followed. However, in answering the complaint herein, the appellant pleaded a set-off for services rendered and which he alleged were reasonably worth an amount equalling the demand of respondent. There was neither a demurrer to this defense, nor a motion to strike out same. Such defense or plea remained in the pleadings, and of course upon a trial of the case, the pleadings make the issues.

While the practice does not prevail in this State, as it formerly did in the federal Courts, that where both the plaintiff and defendant move for a directed verdict, the trial Judge must direct a verdict for one or the other, yet, in the trial of this case, the Court was confronted with a situation where there was nothing to submit to the jury, and therefore he was compelled to direct a verdict for either the respondent or the appellant. The undisputed testimony before the Court was that appellant had been paid the sum of

$3,000.00 by respondent under the authority of an order which had been declared invalid, but that appellant had, by reason of contractual relations, rendered services to respondent of the value of a like amount.

We hold that under these circumstances, it was the duty of the trial Judge to direct a verdict for the defendant-appellant, and that in directing a verdict in favor of respondent he was in error.

MESSRS. ASSOCIATE JUSTICES FISHBURNE and STUKES and MR. ACTING ASSOCIATE JUSTICE A. L. GASTON concur.

MR. ACTING ASSOCIATE JUSTICE L. D. LIDE disqualified.