19752

L. A. TALLON, d/b/a Tallon Grain Company, Respondent, v.
SEABOARD COAST LINE RAILROAD COMPANY, Appellant
(202 S. E. (2d) 16)

24

*Messrs. Willcox, Hardee, Palmer, O'Farrell, McLeod & Buyck,* of Florence, *for Appellant,*

*Messrs. McGowan, Nettles, Keller & Eaton,* of Florence, *for Respondent,*

January 10, 1974.

Moss, Chief Justice:

L. A. Tallon, trading as Tallon Grain Company, the respondent herein, brought this action against Seaboard Coast Line Railroad Company, the appellant herein, seeking to recover the value of 1,436 bushels of soybeans, in the amount of $4,724.44, allegedly lost after they had been delivered to the appellant for carriage from Cartersville, South Carolina, to Fayetteville, North Carolina.

The appellant, by answer, admits "that on or about March 4, 1972, the plaintiff delivered to the defendant soybeans at or near Cartersville, South Carolina, for carriage by the defendant to Fayetteville, North Carolina." However, the appellant denies any liability for the alleged loss of the soybeans.

This case came on for trial before The Honorable W. T. McGowan, Jr., Judge of the Civil and Criminal Court of Florence County, and a jury, resulting in a judgment for the respondent in the amount demanded in the complaint. At appropriate stages of the trial the appellant moved for a nonsuit and a directed verdict. After the jury returned a verdict in favor of the respondent, the appellant moved for judgment *non obstante veredicto,* and in the alternative for a new trial. All of these motions were refused and this appeal followed.

The first question asserted by the appellant is that the trial judge was in error in refusing to grant its motion for a nonsuit and a directed verdict on the ground that there was no proof that the respondent delivered 5,000 bushels of soybeans to it.

There is testimony that the respondent has been operating his soybean business for six or seven years on property

leased from the appellant in Cartersville, South Carolina. The respondent had contracted to sell 5,000 bushels of soybeans to Cargill, Inc., of Fayetteville, North Carolina, and for the purpose of shipping the soybeans, the respondent ordered three boxcars from the appellant. When he went to his place of business on the morning of March 4, 1972, the three cars were on the siding.

The respondent and his son testified that they loaded 5,000 bushels of soybeans into two of the boxcars that had been placed on the siding. Upon completion of the loading of the soybeans into the cars on March 4, 1972, between five and six o'clock of that day, railroad seals were placed on the doors and the cars and the top trap doors closed and bolted down. The respondent completed a bill of lading on each of the cars, one copy of which was sent to Cargill, Inc., the consignee, one copy was turned over to the appellant, and one retained by the respondent. There was testimony that the procedure followed on this occasion was the same that had been observed during all the time that the respondent had operated his place of business in Cartersville, South Carolina, and there had been no complaints by the appellant as to this method nor any suggestions that this procedure be varied or changed.

The appellant, having admitted that the respondent did, on or about March 4, 1972, deliver to it soybeans at or near Cartersville, South Carolina, for carriage by it to Fayetteville, North Carolina, and the testimony of the respondent and his son that 5,000 bushels of soybeans were actually placed in the two cars, made a question for the jury to determine as to whether or not 5,000 bushels of soybeans were actually delivered to the appellant. There was, therefore, sufficient evidence regarding the number of bushels of soybeans actually delivered to require the submission of this question to the jury. The motions for a nonsuit, directed verdict and judgment *non obstante veredicto* upon this ground were properly overruled.

The next question raised by the appellant is whether it can be held liable for a specific quantity of goods when the bill of lading does not specify any specific amount. The bill of lading with reference to each of the railroad cars did not specify any specific number of bushels of soybeans. Each of the bills of lading did specify "C/L" which is admitted to mean "carload". The appellant accepted these bills of lading so made out.

A bill of lading operates both as a receipt and a contract. Insofar as it acknowledges receipt for transportation of certain goods it is a mere receipt, but insofar as it sets forth the terms on which the transportation is to be made, it operates, upon acceptance, as a contract between the shipper and the carrier. Receipt clauses in bills of lading, being of the essential nature of any receipt, and without greater significance in legal effect, are not conclusive on the carrier or any of the parties to a contract of carriage, but may be explained, varied, or contradicted by parol or other evidence, absent contractual or statutory provisions affecting the situation. 13 Am. Jur. (2d) Carriers, Section 281, at page 785. *Chilean Nitrate Sales Corp. v. Southern Railway Co.,* 227 S. C. 423, 88 S. E. (2d) 242, and the cases therein cited.

It is true as argued by the appellant that it did not contract to carry any specific amount of soybeans but did contract to transport for the respondent two carloads of soybeans from Cartersville, South Carolina, to Fayetteville, North Carolina. As to the bill of lading, insofar as the number of bushels of soybeans transported was concerned, it was nothing more than a mere receipt which was subject to explanation as to the quantity of soybeans so transported. The testimony of the respondent, offered without objection, was that 5,000 bushels of soybeans were actually delivered to the appellant for transportation. It follows that the appellant could be held liable for the specific quantity of soybeans shipped, and for any loss thereof, even

though the bill of lading was silent as to the number of bushels.

The trial judge allowed the respondent to offer in evidence, over the objection of the appellant, two Cargill Account Purchase Forms showing the weight and bushels of soybeans received by it when it unloaded the railroad cars in which the respondent shipped the soybeans. The appellant alleges that this was error.

Cargill, Inc. was not an agent of the appellant. In the case of *Ragsdale v. Southern Railway,* 69 S. Ct. 429, 48 S. E. 466, it was held that in an action for shortage in freight, letters of a third party not shown to be the agent of the carrier are not competent to show the shortage. However, the admission of this improper evidence is harmless because the appellant introduced into evidence two grain weight certificates showing the net weight of the soybeans delivered to Cargill, Inc. The weights in Cargill's Purchase Forms corresponded with the weights contained in the grain weight certificates.

It is a well settled rule that the admission of improper evidence is harmless where the fact thereby sought to be shown is otherwise fully and properly established. *Holder v. Sovereign Camp,* 180 S. C. 242, 185 S. E. 547. This rule is here applicable.

In the case of *Eargle v. Sumter Lighting Co.,* 110 S. C. 560, 96 S. E. 909, 911, it was said:

" * * * It is immaterial from whose witnesses—whether plaintiff's or defendant's—the evidence in support of an element of damage or of the cause of action or defense may come. Either party has the right to make out or to strengthen his case or defense on the examination of the witnesses of his adversary. * * * "

In the case of *Greenville County v. Stover,* 198 S. C. 240, 17 S. E. (2d) 535, 537, this Court held:

"That proof of a plaintiff's cause of action (where a non-suit is not granted) can be supplied by a defendant, and conversely, proof of a defendant's defense can be supplied by a plaintiff, is a postulate which cannot be denied."

The introduction by the appellant of the grain weight certificates cured and made harmless, even if erroneous, the admission into evidence of the Cargill Account Purchase Forms showing the weight and bushels of soybeans received by it.

The exceptions to the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.