20406

James Floyd WEBSTER, Respondent, v. HOLLY HILL LUMBER COMPANY, Appellant.

(234 S. E. (2d) 232)

*Thomas S. Tisdale, Jr., Esq., of Young Clement & Rivers,* of Charleston, *for Appellant,*

*Messrs. Thomas M. Howell, Jr.,* of Walterboro, and *Brockinton & Brockinton,* of Charleston, *for Respondent,*

April 19, 1977.

GREGORY, Justice:

Holly Hill appeals from a jury verdict awarding Webster $21,000.00 actual damages and $30,000.00 punitive damages in this action by Webster for intentional interference with a contractual relationship. Holly Hill excepts to (1) the denial of its motions for nonsuit, directed verdict and judgment *non obstante veredicto,* and (2) the admission of a deposition of Duncan, a non-party who was not present at trial. We reverse the lower court and remand for a new trial.

Webster injured his foot and back at separate times while working for Holly Hill. He was released by Holly Hill, apparently because his back injury kept him from working at full capacity. He then filed a workmen's compensation claim for the back injury and brought a non-statutory suit for the foot injury.

About 8 months after being released by Holly Hill Webster gained employment with Daniel Construction Company, denying on the employment application that he had had a back injury. Daniel discharged him about 10 months later, on the day that Hay, the personnel director for Holly Hill, placed a telephone call to Daniel. At that time Webster's claims, for both the foot and back injuries, were pending. The back injury claim was scheduled to be heard shortly.

The exact content of that telephone call was the only factual issue disputed at trial. Hay, who was in charge of handling workmen's compensation matters for Holly Hill, testified at trial. Duncan, the safety engineer for Daniel who received the call, testified only by deposition read to the jury by counsel for both parties.

It was undisputed that: Hay called the personnel office of Daniel and was referred to Duncan; Hay asked Duncan if Webster was employed there; upon being asked why he wanted to know, Hay told Duncan that Webster had a claim against Holly Hill for a back injury; Duncan then checked Webster's application papers, which failed to disclose the prior back injury, and fired Webster.

Hay said at trial that he called Daniel to "verify employment" of Webster. In his deposition Duncan claimed that Hay had already found out from personnel that Webster worked there. Other evidence presented at trial was that Hay called Duncan one to two weeks after the phone call to find out whether Webster was still working. (The workmen's compensation claim was still pending at that time.) Counsel for Webster elicited information designed to show that Hay

had ways other than calling Daniel of determining facts about Webster's employment. Finally, it was brought out that Webster had settled both injury claims, against the advice of his counsel.

The first issue is whether there was sufficient evidence to withstand motions for nonsuit, directed verdict and judgment *non obstante veredicto*.[1] Although the evidence was at best slight, we believe it was susceptible of more than one reasonable inference, when viewed in the light most favorable to Webster. Therefore, the trial judge rightfully submitted the case to the jury and refused to overturn the verdict. *Allstate Insurance Co. v. State Farm Mutual Insurance Co.*, 260 S. C. 350, 195 S. E. (2d) 711 (1973); *see also Lucht v. Youngblood*, 266 S. C. 127, 221 S. E. (2d) 854 (1976).

The second issue is the admissibility of the deposition of Duncan. The trial judge admitted the deposition because of a stipulation counsel for both parties had made when the deposition was taken. The stipulation, at the beginning of the deposition, read:

"It is stipulated by and between the parties that this deposition is taken pursuant to notice duly served and filed and that all questions as to sufficiency of notice are waived; that all objections, except as to the form of the question, are reserved until the time of trial; that this deposition is taken for purposes of discovery and/or for use at trial, or both; and that the reading and signing of the deposition by the witness is not waived."

The judge said this passage meant that Duncan's deposition would be admissible at trial, regardless of whether Duncan was available to testify or not.

---

[1] For the elements of the tort of intentional or wrongful interference with a contractual relationship, see generally Prosser, *Torts* § 129 (4th ed. 1971). This Court has recognized the tort on several occasions. See, for instance, *Chitwood v. McMillan*, 189 S. C. 262, 1 S. E. (2d) 162 (1939); *Crowe v. Domestic Loans, Inc.*, 242 S. C. 310, 130 S. E. (2d) 845 (1963); *Meadors v. S. C. Medical Association*, 266 S. C. 391, 223 S. E. (2d) 600 (1976).

The taking and use at trial of depositions in this State are governed by Rule 87 of the Rules of Practice of the Circuit Courts.[2] Under Rule 87(D), a party may use the deposition of a witness (whether a party or non-party), for any purpose, if the trial judge finds either that: (1) the deponent is unavailable; or (2) such "exceptional circumstances" exist so as to make it desirable to use the deposition.

However, in the present case the judge did not cite these conditions of use; instead he admitted the deposition expressly because of the stipulation. We do not think this stipulation can be read, in an ordinary, common-sense fashion, to say, "we hereby agree that this deposition shall be admissible at trial, irrespective of whether the deponent is available to testify in person."

While such a stipulation might be proper, we do not believe the stipulation entered into by Holly Hill and Webster was meant to say what is quoted above. A stipulation such as the one in question is an agreement, an understanding: it is to be construed like a contract, to effect the intent of the parties. See 73 Am. Jur. (2d), "Stipulations" § 7.

This agreement cannot be said to have waived the use conditions of Rule 87(D). The stipulation only (1) waived questions of sufficiency of notice, (2) reserved objections until trial, (3) recited the purpose of the deposition (for "discovery and/or for use at trial, or both"), and (4) preserved the deponent's right of signing the deposition.

Thus we believe it was error to admit the deposition on the ground of the stipulation. However, the record does not show whether or not Duncan was available under Rule 87-(D). His availability or unavailability was not established because of the judge's ruling. We remand the case for a new

---

[2] See, however, §§ 26-701 through 26-709, South Carolina Code (1962), which have not been repealed.

trial, with the deposition being admitted upon the proper showing, or the deponent Duncan being produced.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN and RHODES, JJ., concur.

NESS, J., dissents.

NESS, Justice (dissenting).

While I agree that the trial court erroneously admitted the deposition in evidence without compliance with Circuit Court Rule 87, I disagree that it constituted reversible error and respectfully dissent.

The appellant, without reserving his objection to the admissibility of the deposition, presented Allen Hay, Jr.'s testimony which repeated the telephone conversation in substantial detail, in fact corroborating Duncan's deposition in the following particulars:

(1) Duncan testified that he received a call from a representative of Holly Hill Lumber Company. (Tr. 33, ff. 131). Hay testified that he made such a call to Daniel and talked with Duncan. (Tr. 55, ff. 217).

(2) Duncan testified that before Hay spoke with him, Hay had already ascertained from the Daniel Personnel Office that Webster was employed by Daniel. (Tr. 37, ff. 147). Hay testified that he did not remember whether he had ascertained the fact of Webster's employment or not. (Tr. 54, ff. 216).

(3) Duncan testified that Hay informed him of both Webster's injury and his pending workmen's compensation claim. (Tr. 37, ff. 148). Hay testified that he informed Duncan of Webster's back injury and pending workmen's compensation claim. (Tr. 55, ff. 218).

(4) Duncan testified that he received a phone call a few days after the initial call from Hay, inquiring as to whether Webster was still in the employ of Daniel. (Tr. 38, ff. 149-150). Hay testified that he called Duncan to determine

whether or not Webster was still employed by Daniel. (Tr. 56, ff. 222).

I believe that the testimony of Allen Hay, Jr. was sufficient to establish the material elements of the respondent's claim.

The standard for determining whether the respondent has presented sufficient evidence to raise a jury question is whether, viewing the evidence in the *record* in the light most favorable to respondent, there is a complete absence of probative facts to support the conclusion reached by the jury.

Applying these standards I find there was sufficient evidence, presented by the appellant's witness to support the jury's conclusion. There was testimony that the agent or employee of the appellant, who was a highly trained investigator, called Daniel Construction Company and after talking to someone in the personnel office, asked to talk to Mike Duncan, who was Project Safety Engineer in the Personnel Department at Daniels, and advised him of respondent's claims. Subsequently he again called to ascertain whether respondent was still employed at Daniels.

It is significant that these calls were made after Hay had met with the attorney for respondent and with the respondent and his wife and was permitted to question them about the alleged accident.

This Court held in *Tallon v. Seaboard Coast Line Railroad Company,* 262 S. C. 23, 202 S. E. (2d) 16, 19 (1974) :

"It is a well settled rule that the admission of improper evidence is harmless where the fact thereby sought to be shown is otherwise fully and properly established. *Holder v. Sovereign Camp,* 180 S. C. 242, 185 S. E. 547. This rule is here applicable.

"In the case of *Eargle v. Sumter Lighting Co.,* 110 S. C. 560, 96 S. E. 909, 911, it was said:

' * * * It is immaterial from whose witnesses—whether plaintiff's or defendant's—the evidence in support of an element of damage or of the cause of action or defense may

come. Either party has the right to make out or to strengthen his case or defense on the examination of the witnesses of his adversary. * * *'

"In the case of *Greenville County v. Stover,* 198 S. C. 240, 17 S. E. (2d) 535, 537, this Court held:

'That proof of a plaintiff's cause of action (where a non-suit is not granted) can be supplied by a defendant, and conversely, proof of a defendant's defense can be supplied by a plaintiff, is a postulate which cannot be denied.' "

The testimony of Allen Hay, Jr. was offered by the appellant without reserving his objection. Any error in the admission of the deposition was cured by Hay's direct testimony on the same issue.

I would affirm.